Nov. Term, 1860.

Pennington
v.
Nave.

---

## Pennington v. Nave and Another.

Suit upon a promissory note, given for a retainer, and for services to be rendered by an attorney at law in a certain prosecution for perjury. Subpœnas were issued for defendant's witnesses, and a consultation held as to the sufficiency of the indictment, which resulted in the discovery of a defect, which being suggested to the prosecutor, he entered a *nolle prosequi*. The defendant pleaded a failure of consideration.

Nov. Term,
1860.

PENNINGTON
v.
NAVE.

*Held*, that the retainer of the attorney was a good consideration for the promise to pay the stipulated amount.

*Held*, also, that as the attorney did all that was required of him in the premises, and was not in default in the performance of his part of the contract, he was entitled to recover the amount of the note.

*Held*, also, that evidence of the value of the services rendered was properly rejected.

*Held*, also, that a cause will not be reversed for errors in giving or refusing instructions when the judgment is right on the merits.

*Wednesday,*
*December 12.*

APPEAL from the *Hendricks* Common Pleas.

WORDEN, J.—Action by the appellees against the appellant, upon a promissory note for $100. Trial by jury. Verdict and judgment for the plaintiff below.

The facts of the case, as gathered from the bill of exceptions setting out the evidence, are that. one *Salisbury Pennington*, a brother of the appellant, stood indicted in the *Hendricks* Circuit Court, for perjury. The appellants, together with other counsel, were retained to defend him; and the note sued on was given for services to be rendered in that behalf. The counsel thus employed to defend *Salisbury*, caused subpœnas to issue preparatory to the trial of the cause, and held a consultation as to the sufficiency of the indictment, and came to the conclusion that it was bad. One of them suggested the defect to the prosecuting attorney, who thereupon entered a *nolle prosequi* upon it, and caused *Salisbury* to be recognized for his appearance from day to day, to answer to a new indictment to be preferred against him by the grand jury. No other indictment, however, was found, and no further proceedings were had against the accused on the charge of perjury. The appellant insists that the consideration of the note has failed, and that he should not be required to pay it, because the indictment was *non prossed* and the accused was never tried at all.

We are not able to perceive that the consideration of the note has in any manner failed. The retainer of the plaintiffs was a good consideration for the promise to pay the stipulated amount. The plaintiffs, it appears, entered upon the discharge of their duty, by an examination of the indictment and making preparations for trial. It was no fault of

theirs that the cause was not tried. They did not appear upon any *trial*, because the accused had no cause to be tried, it having been disposed of in a more summary way. The plaintiffs did all that could be required of them to be done, and were not in default in the performance of their part of the contract. Such being the case, it is difficult to perceive on what ground the appellant can be excused from paying the stipulated remuneration.

The appellant offered evidence to show the value of the services performed, which was properly rejected by the Court below. The plaintiffs were entitled to recover the amount of the note or not recover at all. Had the suit been brought against the accused, on the *quantum meruit*, to recover the value of the services, the evidence would, of course, have been legitimate; but it was entirely irrelevant to any question involved in this suit. The only question was, whether the plaintiffs had performed their part of the agreement. If so, they were entitled to recover the amount of the note; if not, they were not entitled to recover at all. We are of opinion that they performed their agreement according to its legal effect, and did all that could be required of them; and, consequently, that they were entitled to recover. Being of opinion that the plaintiffs were clearly entitled, on the evidence, to recover, we have not examined closely all the charges given and refused; nor do we deem it necessary to lengthen this opinion by copying them. If any errors were committed they were harmless, and for such errors a judgment will not be reversed. *Van Pelt* v. *Corwine*, 6 Ind. 363.

*Per Curiam.*—The judgment below is affirmed, with costs, and 5 per cent. damages.

*P. S. Kennedy* and *L. M. Campbell*, for appellant.

*C. C. Nave* and *J. Witherow*, for appellees.