## THOMPSON v. WILSON.

EVIDENCE.—*Entries in a Book.*—In a suit upon a promissory note, where the defendant denies its execution, it is competent for a witness, whose deposition is taken, to testify as to the handwriting of the defendant in an account book, and to insert in his deposition a copy of an account, showing that the defendant, in his own book, and in his own handwriting, has stated the account between the parties, and the amount of indebtedness to the plaintiff, and that the note sued on was given to settle the account.

SUPREME COURT.—A judgment will not be reversed by the Supreme Court where the merits of the cause have been fairly tried in the court below.

APPEAL from the Henry Common Pleas.

PETTIT, C. J.—This suit was brought by the appellee against Thompson and one Bumgardner, on a promissory note. Bumgardner was not served, and Thompson answered under oath, denying the execution of the note. Trial by jury; verdict and judgment for the plaintiff (appellee); and appeal to this court, where it was reversed for the improper admission as evidence of certain depositions which had been taken before an officer not authorized by our law to take depositions. 34 Ind. 94. The case went back and was re-tried by a jury with the same result. The appellant complains that the court refused to suppress the following part of the deposition of N. C. Potest, taken by the appellee: "Do you see in that book an account of the plaintiff? if so, what does the account state? Answer, I find an account which is as follows:

"MARCH 1st, 1857.

| "Asa L. Wilson, | Dr. | Cr. |
|---|---|---|
| "To 163 coffee @ 13 | $ 21.19 | |
| To note on Lusher | 60.25 | |
| To cash | 120.00 | |
| By 9,125 ft. timber @ 8 | | $730.00 |
| Dr. bill of nails | 4.12 | |
| Dr. cash | 100.00 | |
| Dr. cash to 'Ike' | 60.00 | |
| Dr. ½ bushel clover seed | 4.00 | |

Dr. cash.......................................... $15.00

Credit by work................................... $4.00

"Balance.............................................. $275.56

"Settled by note August 11th, 1857." This is the date of the note sued on.

"State whether the words and figures, 'balance, $275.56,' in lead pencil mark, were in the book when you gave your testimony in this suit before. Ans. I have no recollection of ever seeing these figures before.

"State in whose handwriting the account is. Ans. I think some of it is in Alexander Samuel's handwriting; some of it is in Mr. Thompson's handwriting; '½ bushel of clover seed, $4.00,' 'credit by work, $4.00,' 'settled by note August 11th, 1857,' is all in Thompson's handwriting."

The reasons urged for the suppression of the above portion of the deposition are, that it purports to give the contents of a written instrument, to wit, the book of the appellant, the book being in the court as a part of the deposition, and being the best evidence of its contents; and because the evidence is irrelevant and immaterial, and for the reason that the deponent testifies to the appellant's handwriting, without showing himself to be an expert, or to be acquainted with the handwriting of appellant.

If this objection is true as to the book being already in evidence as a part of a deposition, then the bill of exceptions, which says, "this was all the evidence given in the case," is false; for neither the book nor a copy of it is in the bill of exceptions or the record.

The object and purpose of this evidence was to show that the appellant, on his own book, and in his own handwriting, had stated the account between the parties, and that he was indebted to the appellee, and that he had, in his own handwriting, shown that he had given his note, the one sued on, to settle the account.

The transcript shows an account, which shows that the

note was given on the day of the entry in the book, and for the exact amount shown to be due the appellee.

The appellant asked the court to give the following instruction: "The jury, in making up their verdict, will not consider any entries made in the book referred to in the depositions, they forming no part of the evidence in the case." This was refused, but the court gave the proper instruction, that if the note was not signed by the defendant, it must be shown that it was signed by some person who was fully authorized to sign it. There was no error in this ruling.

We cannot say that all of the evidence is in the record, though the bill of exceptions says that it is, while the counsel for appellant say that a book was in evidence, which is not in the transcript; but we say that the transcript is unnecessarily large, made up of not only duplicates, but of triplicates, and that rule nineteen, in reference to marginal notes, has not been complied with. We have, however, examined all the evidence and rulings of the court, and we have no doubt that right and justice have been done to the appellant, and that his appeal here is merely captious, and we cannot reverse the judgment when no wrong has been done to the appellant. "Nor shall any judgment be stayed or reversed, in whole or in part, where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below." Sec. 580, 2 G. & H. 278.

The merits of the cause were, in our opinion, fairly tried in the court below.

The judgment is affirmed, at the costs of the appellant, with five per cent. damages.

*M. E. Forkner* and *M. L. Bundy*, for appellant.

*J. B. Martindale, J. Brown,* and *R. L. Polk*, for appellee.