Whitworth *et al. v.* Ballard.

---

## WHITWORTH ET AL. *v.* BALLARD.

PRACTICE.—*Verdict.—Special Verdict.—Venire de Novo.*—If a verdict, either general or special, be imperfect or silent as to any material issue in the cause wherein it is returned, a *venire de novo* should be granted on motion.

SAME.—If such verdict be full and perfect as to one of several joint parties against whom it is found, he can not complain that it is imperfect as to the others.

PARTNERSHIP.—*Dissolution.*—A division of the goods belonging to a copartnership, by the members thereof, amongst themselves, each of whom invests his portion thereof in his individual business, conducted at a different place, is a dissolution of such copartnership, though one of such members continue in the old place of business, collecting the credits, and paying the debts, of the firm, in the copartnership name.

SAME.—*Power of Partner to Bind Copartners after Dissolution.—Endorsing Promissory Note.*—Such partner so settling up such partnership business can not bind his copartners by his endorsement, in the copartnership name, of a promissory note payable to them.

SAME.—*Ratification.*—If one of such other partners, with full knowledge of such endorsement, ratify the same and direct the endorsee to bring suit against the maker of such note, he thereby becomes liable on such endorsement.

SAME.—*Special Verdict.*—In an action against the members of such copartnership, upon such endorsement, a special verdict, finding that such endorsement had been ratified by such partner, is sufficient, without setting forth therein the facts constituting such ratification.

SUPREME COURT.—*Practice.*—*Harmless Error.*—A judgment will not be reversed by the Supreme Court on appeal, for intermediate errors, where the record of the whole case shows it to be right on its merits.

From the Henry Circuit Court.

*M. E. Forkner* and *E. H. Bundy,* for appellants.

*D. W. Chambers* and *E. Saint,* for appellee.

BIDDLE, J.—On the 29th day of September, 1873, Christopher C. M. Bock made his promissory note, payable sixty days after date, to McCorkle & Co., for two hundred and fifty-five dollars and twenty cents, for value received, without relief from valuation or appraisement laws, with ten per cent. interest from date until paid. The payees were a firm by the name of McCorkle & Co., composed of John L. McCorkle, William B. Whitworth and Benjamin Benbow. It is alleged that the payees, on the 30th day of September, 1873, for value received, endorsed the note in writing, by the name and style of "McCorkle & Co.," to the appellee. The note was secured by a mortgage executed by Bock and his wife. This suit was brought by the appellee, against McCorkle & Co., on their alleged endorsement. McCorkle was not served with process, and did not appear to the action.

Issues were formed, a jury trial had, and a special verdict rendered in favor of the appellee. No question arising upon the pleadings is presented to us here. A motion for a new trial was overruled, and exception reserved.

The special verdict finds the following facts:

1. That the note was made, and the mortgage executed, as alleged in the complaint.

2. " That said Whitworth and Benbow furnished all the capital that was used in said firm, and said McCorkle had the charge and transaction of said business, and was to receive for his services therein a certain portion of the profits arising therefrom. That said firm continued to deal in and sell goods in said firm name, from some time in 1869 to the 14th of April, 1873, at which time said Whitworth and Benbow divided the stock of goods then on hand between themselves, said Benbow going into business with his portion thereof, at Sulphur Springs, and said Whitworth removed his portion to Honey Creek, and said McCorkle continued in the charge of the notes, accounts and assets due the firm, collecting the same and applying the proceeds to the payment of the debts due by the firm. That he borrowed money and gave notes therefor in the name of the firm; that he so continued to manage the unsettled business of the firm, until about the 1st of November, 1873, at which time he removed to Ohio; and the said Whitworth immediately thereafter took charge of the remaining assets of said firm, and transacted the business thereof."

3. That in September, 1873, Whitworth purchased a bill of hardware in the name, and for the use, of the firm of McCorkle & Co.

4. "And we further find that there was no actual dissolution of said firm of McCorkle & Co., unless the facts above found constitute such a dissolution in law."

5. That McCorkle sold and endorsed the note, as alleged.

6. That appellee commenced suit on said note, against the maker, on the 10th day of January, 1874, and for a foreclosure of the mortgage, recovered judgment, made a portion of the money and obtained a return of execution of " no property found subject to execution."

7. " That the defendant Whitworth, with a full knowl-

edge of the assignment of said note, by said McCorkle, in the name of said firm of McCorkle & Co., to the plaintiff, afterward ratified the same and directed the plaintiff to institute a suit on said note, and for the foreclosure of said mortgage, to make the money due thereon."

8.   That there remains due on said note two hundred and twenty-one dollars and nine cents.

Upon the return of the verdict, the appellant objected to its being received by the court, because it did not find all the facts necessary to constitute a special verdict, but the objections were overruled by the court, and exceptions reserved by the appellants.   The appellants then moved the court for a *venire de novo* in the cause, which motion was also overruled, and exceptions reserved.   The appellants also moved to set aside the verdict, for defects upon the face of the record.   This motion was also overruled, and the ruling excepted to by the appellants.   The appellants further moved for a judgment in their favor on the special verdict, which motion was also overruled, and exceptions to the ruling reserved.   The court afterward, over a motion for a new trial and exception reserved, rendered judgment in favor of the appellee, and against the appellant Whitworth, for the balance due on the note, and costs.   No judgment was rendered either for or against the appellant Benbow.

When a verdict, either general or special, is imperfect by reason of some defect, uncertainty or ambiguity upon the face of the record, or by not finding upon all the issues, or by not assessing damages, the proper motion is for a *venire facias de novo*.   This is the old English practice, which is also well settled as the practice in this State. *Bosseker* v. *Cramer*, 18 Ind. 44; *Jenkins* v. *Parkhill*, 25 Ind. 473; *Marcus* v. *The State*, 26 Ind. 101; *Trout* v. *West*, 29 Ind. 51; *Pea* v. *Pea*, 35 Ind. 387; *Gulick* v. *Connely*, 42 Ind. 134; *Dehority* v. *Nelson*, *post*, p. 414.

Whether Benbow could have successfully moved for a *venire de novo*, we need not decide, but we do not see how

Whitworth can complain, because an issue affecting Benbow has not been settled, provided the verdict is good as to him. We think the second finding in the special verdict shows facts which constitute a dissolution of the partnership, and that McCorkle, after such dissolution, had no authority to endorse the note so as to bind the firm; but the seventh finding shows that Whitworth, after the endorsement, with a full knowledge of the facts, ratified the endorsement, and thereby made himself a party to it, and thus became bound by it. But the appellant earnestly insists that the seventh finding is defective, in not stating the facts which constitute the ratification. In our opinion, this is not necessary. The evidence which convinced the jury that Whitworth ratified the endorsement need not be stated in the finding. The facts stated in the special verdict show a liability against Whitworth, and we can not reverse a valid judgment against him, because there is no finding or judgment against Benbow. *Stafford* v. *Nutt*, 51 Ind. 535. This view decides the principal question discussed by the appellant Whitworth, and the main question in the case.

There are other questions urged, but the pleadings, the instructions of the court to the jury, the special verdict and the evidence are all before us, and the judgment upon the whole record appearing to us to be clearly right, we think it unnecessary to examine the minor questions in detail. A judgment will not be reversed for intermediate errors, when the record upon the whole case shows it to be right on its merits. *Van Pelt* v. *Corwine*, 6 Ind. 363; *Pennington* v. *Nave*, 15 Ind. 323.

The judgment is affirmed, with costs.