## No. 9274.

## TOLER ET AL. *v.* KEIHER.

SPECIAL VERDICT.—*Instructions.*—*Practice.*—Where a special verdict is demanded, it is error to instruct the jury generally concerning the law of the case, but instructions as to the nature of the action and issues, form of verdict and general duties of the jury are proper.

SAME.—*Harmless Error.*—Where a special verdict is demanded, it is error to direct the jury to return also a general verdict, but this will be cured if the court afterwards disregard such general verdict and act only on the special verdict.

SAME.—Where a jury return a special verdict which is imperfect by the omission of a formal conclusion, the court may instruct them as to the same, and require them to retire and add it.

SUPREME COURT.— *Harmless Error.*— Where it affirmatively appears by the record of the whole case that a judgment is right on the merits, it will not be reversed for harmless intermediate errors, such as giving instructions as to the law of the case or requiring a general verdict also, where a special verdict has been demanded.

From the Union Circuit Court.

*T. D. Evans,* for appellants.

*L. H. Stanford,* for appellee.

BICKNELL, C. C.—This was a suit upon a note and mortgage by the appellee against the appellants.

The note was dated February 11th, 1878, and was payable to the order of the appellee two years after date, at the National Bank of Liberty, Indiana, for $2,320.40, with interest at ten per cent. from date, and five per cent. attorney's fees.

It was therefore due on the last day of grace, to wit, on February 14th, 1880, *Benson* v. *Adams,* 69 Ind. 353; and it bore interest at ten per cent. until maturity, and afterward at six per cent, *Richards* v. *McPherson,* 74 Ind. 158; and the amount of the attorney's fees could not exceed five per cent. on the amount due on the note. In *Smiley* v. *Meir,* 47 Ind. 559, this court said : " The note, which was made part of the complaint, itself fixed the amount of the attorney's fee, and was, we think, in substance, the same as if it had been alleged in the complaint that a reasonable attorney's fee was ten per cent. on the amount due on the promissory note."

The defendants answered in six paragraphs, to all of which, except the first paragraph, the plaintiff replied by general denials.

In the first paragraph the defendants admit that the plaintiff has a good cause of action on the note and mortgage for

Toler *et al. v.* Keiher.

$2,280.40, with interest at ten per cent. from the date of the note until its maturity, and afterwards at six per cent.

The plaintiff replied to this paragraph, admitting all its material allegations, and demanding judgment and foreclosure for $2,280.40, with ten per cent. interest from February 11th, 1878, to February 14th, 1880, and six per cent. afterward, and five per cent attorneys' fees, making in all $2,855.20.

The plaintiff also moved for judgment in his favor for the amount admitted to be due as aforesaid. This motion was overruled by the court. The issues were tried by a jury, who, at the request of the defendants, were directed by the court to return a special verdict, which they did, as follows:

"We, the jury, having been required by the court to find a special verdict, do find the facts in said cause to be as follows:

"1. That on February 11th, 1878, the defendant George Toler was indebted to the plaintiff for work and labor and money loaned, $602.40.

"2. That on said day the plaintiff loaned said defendant the further sum of $1,678.

"3. That of the latter sum the plaintiff borrowed $800 from the Union County National Bank, the defendant George Toler agreeing to pay the excessive interest over ten per cent., which the bank charged the plaintiff.

"4. That the plaintiff included in the note in suit the said $602.40, and the said sum of $1,678, and the sum of $40 to cover the excessive interest he might have to pay the bank.

"5. That said plaintiff paid said bank, on account of such excessive interest, only $2.80.

"6. That there was no fraud in the execution of the note or mortgage.

"7. That the mortgage in suit was executed in good faith to secure the payment of the note.

"8. That no part of the money due on note or mortgage was ever paid.

"9. That on February 11th, 1880, James P. Kennedy, cashier of the First National Bank of Liberty, tendered to plaintiff the principal, with six per cent. interest from the date of the note, upon condition that said plaintiff would surrender to him the note and cancel the mortgage.

"10. That on the 14th of February, 1880, said Kennedy tendered to plaintiff's attorneys, for the plaintiff, the sum of $2,555.19, in full payment of the note and mortgage in suit, upon condition that the note be surrendered and mortgage cancelled.

"11. That there was no other tender than as above shown.

"12. That the defendants, or either of them, never offered to rescind the contract by a tender of the money received from the plaintiff, as the consideration of the note, prior to February 11th, 1880.

"13. That the actual principal of the money that George Toler received was the said sums of $602.40 and $1,678, making . . . . . . . . . . . . . . . . . . . . $2,280.40

And interest on same for 2 years, at 10 per cent  .    456.08

And interest on same for 8 mos. 11 dys, at 6 per cent  .    95.38

The 5 per cent. att'y's fees agreed on note . . . .    141.59

Making total amount due . . . . . . . . . . . $2,973.45

"If, upon the above facts, the court shall be of opinion that the law is with the plaintiff, we find for the plaintiff and assess his damages at $2,973.45, and the foreclosure of the mortgage. If the law is with the defendant, we find for the defendant."

With this special verdict the jury also returned the following general verdict:

"We, the jury, find for the plaintiff and assess his damages at $2,973.45 against the defendant George Toler, and for the foreclosure of the mortgage against both of the defendants."

The plaintiff moved for judgment on the special verdict; the defendants moved for a new trial; the motion for a new trial was overruled and judgment was rendered upon the special verdict. The defendants appealed; they have assigned nine

errors, none of which are available except the fifth. The first and second are expressly waived in the appellants' brief. The third is an irregularity occurring upon the trial, and, therefore, belongs to the motion for a new trial. The fourth, sixth, seventh, eighth and ninth are regarded as waived, because they are not discussed in the appellants' brief. The fifth is error of the court in overruling the motion for a new trial. The reasons for a new trial are:

1. Irregularity in the proceedings of the court by which the defendants were prevented from having a fair trial, in this: the court proceeded of its own motion to give written instructions to the jury, after having been requested in writing by the defendants to have the jury give a special verdict, and because the court, of its own motion, instructed the jury to find a general verdict in addition to their special verdict.

2. Because the damages assessed againt the defendants are too large.

3. Because the verdict is not sustained by sufficient evidence.

4. That the court erred in giving to the jury, of its own motion, each and all of the instructions from one to eight, inclusive, because a special verdict had been asked for by the defendants.

5. That the court erred in overruling the motion of the defendants, in accepting the general verdict of the jury.

6. The court erred in receiving the special and general verdicts of the jury and discharging them.

The verdict is sustained by sufficient evidence, and the damages are not too large.

The bill of exceptions shows an exception to each of the instructions, and proceeds as follows: "And thereupon the jury, having retired, returned into open court with a special and a general verdict, and the same, having been examined by the court, was by the court refused, and thereupon the court read to the jury as follows: 'If upon the above facts, the

court shall be of opinion that the law is with the plaintiff, we find for the plaintiff and assess his damages at ——, and if the law is with the defendant, we find for the defendant.' The words and phrases aforesaid, so read to the jury by the court, not being set forth in the original special verdict returned by the jury, nor any other words and phrases of the same import and meaning, and the defendant objected to the court reading the same to the jury, at the time and before the same were so read, but the court overruled the objection and the defendants at the time excepted; and thereupon the jury, having again retired, return into open court their general and special verdict, to the receiving of which the defendants at the time objected, because a general and special verdict could not be returned by a jury, when the parties had requested a special verdict, wherefore defendant objected to the court receiving either or both of said verdicts, which objection was by the court overruled, and to which ruling the defendant excepted at the time. And the court thereupon received both said general and special verdicts; and, on plaintiff's motion, the judgment of the court heretofore set out in the record was rendered on the special verdict of the jury, to the rendering of which the defendants at the time excepted."

A demand for a special verdict does not relieve the court of the duty of instructing the jury as to the nature of the action and the issues, and as to the form of their special verdict and their general duty in relation thereto; but as the special verdict is to state facts only, leaving the law to the court, a demand therefor makes it unnecessary, and therefore improper, to give the jury instructions as to the law of the case. Therefore, so much of the third instruction as undertakes to tell the jury what is a sufficient tender, need not have been given, but all the other instructions were entirely appropriate, and fairly informed the jury of the nature of their duties, except so much of the seventh and eighth instructions as required the jury, together with their special verdict, to find also

a general verdict, and directed them as to the requisites and form of such general verdict.

It was undoubtedly error, after a special verdict had been demanded and ordered, to instruct the jury to return also a general verdict. *Bird* v. *Lanius,* 7 Ind. 615; *Noble* v. *Enos,* 19 Ind. 72.

There was no error in the action of the court on the return by the jury of the special verdict without its formal conclusion; the court did right in sending the jury back, with instructions to add to the special verdict its proper formal conclusion, and when the special verdict was returned corrected, but improperly accompanied by a general verdict, the court did right in declining to act upon the general verdict, and in rendering judgment upon the special verdict. The errors hereinbefore pointed out will not warrant the reversal of the judgment. The record of the whole case shows that the judgment was right on the merits, and in such cases a judgment will not be reversed for harmless intermediate errors. *Whitworth* v. *Ballard,* 56 Ind. 279; *Pennington* v. *Nave,* 15 Ind. 323; *VanPelt* v. *Corwine,* 6 Ind. 363. A verdict in accordance with the weight of evidence, and with justice, will not be disturbed on account of erroneous instructions to the jury. *Roberts* v. *Nodwift,* 8 Ind. 339; *The City of Logansport* v. *Dunn,* 8 Ind. 378. "No judgment shall be stayed or reversed, in whole or in part, * * where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below." 2 R. S. 1876, p. 246, section 580. *Thompson* v. *Wilson,* 40 Ind. 192.

The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellants.