No. 9409.

THE STATE, EX REL. HUFFMAN ET AL., *v.* PARISH, ADM'R, ET AL.

INSTRUCTIONS.—*Measure of Damages.— Verdict.— Evidence.—Harmless Error.*
—The refusal of correct instructions to the jury as to the measure of damages to be given to the plaintiff in case a certain fact is found, is harmless, when the verdict shows that the jury did not find that fact, or if there be no evidence of that fact.

From the Shelby Circuit Court.

*O. B. Phillips, T. B. Adams* and *L. T. Michener,* for appellants.

*E. P. Ferris, W. W. Spencer* and *J. S. Ferris,* for appellees.

BICKNELL, C. C.—This was an action on the official bond of a sheriff and his sureties for a false return of a summons.

The defendants answered by a general denial.

The issue was tried by a jury, who returned a verdict for the defendants. The plaintiffs, after a motion for a new trial was overruled and judgment upon the verdict, appealed. Pending the appeal, the sheriff died and his administrator was substituted as one of the appellees.

The only error assigned by the appellants is, overruling the motion for a new trial; the only reason for a new trial, now insisted upon, is the refusal to give the jury instructions numbered two and three, demanded by the appellants.

The appellees claim that these instructions are not properly in the record.

The certificate of the clerk shows that the motion for a new trial was made and overruled on June 19th, 1880, and that at that time an exception was taken to such overruling, and sixty days time was given to prepare and file the bill of exceptions; said certificate also shows that on July 26th, 1880, and within the time fixed, the bill of exceptions was filed; said bill contains all the evidence given in the cause, and also all the instructions and the statement that the court refused to give to the jury the second and third of the instructions asked for by the plaintiffs, to which refusal the plaintiffs at the time excepted. The appellee, in his brief, mentions a second bill of exceptions, but the record shows one bill only.

It is no objection to a bill of exceptions, that it contains an unnecessary repetition, by the judge, of the clerk's official statements in his certificate.

It is true, that the judge, in vacation, can not say that the bill was filed in time, nor when it was filed. *Bargis* v. *Farrar*, 45 Ind. 41; *Huff* v. *Krause*, 63 Ind. 396; *Fulkerson* v. *Armstrong*, 39 Ind. 472. But, when the clerk has made his official statement of such facts, the repetition of them by the judge is mere surplusage. The instructions refused are properly in the record. *Jeffersonville, etc., R. R. Co.* v. *Cox*, 37 Ind. 325.

They are as follows:

" 2d. If you find that such return, on said summons, was false, and that the plaintiffs' property was sold by virtue of a decree rendered upon such return, then you should award the plaintiffs, as damages, the full value of the property at the time such sale was made.

" 3d. You can not take into consideration the fact that the plaintiffs' property was encumbered or that the proceeds of the sale were applied to the payment of plaintiffs' debt or liability, but you must give them the full value of the property."

In the instruction numbered one, asked for by the appellants and given by the court, the jury were told substantially that if they should believe from the evidence that the sheriff had made a false return, as stated in the complaint, they should find for the plaintiffs for all the damages caused by such false return.

The question in reference to the instructions refused has required us to examine the evidence, and the result is that we need not determine whether those instructions ought or ought not to have been given as prayed for, because they were applicable only in case the jury should find a false return, and the evidence fails to show a false return; therefore, the instructions refused could, if given, have had no effect upon the verdict, and would not be available as error, even if erroneous. *Hayden* v. *Souger*, 56 Ind. 42 (26 Am. R. 1).

Where the record shows that the merits of the case have been fairly tried and determined in the court below, the civil code, section 580, forbids a reversal of the judgment by this court. *Child* v. *Swain*, 69 Ind. 230; *Thompson* v. *Wilson*, 40 Ind. 192; *Campbell* v. *Nebeker*, 58 Ind. 446.

Where the evidence is in the record and the verdict and judgment are fully justified thereby, the judgment will not be reversed for error of the court below in giving or refusing instructions. *Pennington* v. *Nave*, 15 Ind. 323; *White* v. *Jackson*, 15 Ind. 156; *Blake* v. *Hedges*, 14 Ind. 566; *Whitworth* v. *Ballard*, 56 Ind. 279. The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellants.