No. 9102.

## CASSADY v. MAGHER.

NEGLIGENCE.—*Contributory Fault.*—To an action to recover for injuries sustained by the plaintiff to his property on account of the wilful, negligent and careless conduct of the defendant, an answer admitting the injuries and averring that, at the time they were committed, the defendant was intoxicated by liquor sold to him by the plaintiff, who was a licensed liquor seller, is insufficient to constitute a defence.

Cassady v. Magher.

SUPREME COURT.—*Evidence.*—*Instruction.*—*Harmless Error.*—Where the evidence clearly sustains the verdict, the judgment will not be reversed on account of an instruction not strictly correct.

From the Benton Circuit Court.

*M. H. Walker, D. Smith* and *J. H. Phares,* for appellant.

*J. T. Brown* and *D. Frazer,* for appellee.

FRANKLIN, C.—Appellee sued appellant for driving his wagon against, over and upon appellee's carriage. The complaint was in three paragraphs: 1st. For breaking and destroying the carriage. 2d. For injuring appellee's children that were then in the carriage. 3d. For frightening his wife, who witnessed the collision.

Appellant answered in two paragraphs: 1st. A denial. 2d. A special plea, admitting the injuries complained of, and alleging that, at the time they were committed, he was intoxicated; that appellee was a licensed liquor seller, and had sold him the liquors that had made him so intoxicated; that he was, therefore, guilty of contributory negligence.

A demurrer was sustained to the second paragraph of the answer, and appellant excepted. There was a trial by jury, verdict for appellee in the sum of $33, and, over a motion for a new trial, judgment was rendered upon the verdict.

Two errors have been assigned: Sustaining the demurrer to the second paragraph of answer, and overruling the motion for a new trial.

The complaint alleged that the plaintiff was without fault; and that the injuries occurred by the wilful, negligent and careless acts of the defendant. This second paragraph was not an answer to the whole complaint; it did not profess to answer the charge of wilfulness, and was no answer to the charges of negligence and carelessness causing the injury complained of. The paragraph did not amount to anything like an answer to any part of the complaint.

There was no error in sustaining a demurrer to it.

The second error assigned is the overruling of the motion for a new trial.

The evidence shows that the collision occurred on the 24th day of August, 1880, at the town of Earl Park, in Benton county, Indiana, at a point north of the crossing of two streets, on the west side of the center of the north and south street; the carriage was standing in front of the plaintiff's house, and had been standing there some ten minutes, waiting for a lady to come out and get into it; the driver, Burns, and two of plaintiff's children were in the carriage. The defendant drove his team and wagon along the east and west street, from the east, in a brisk trot, and was so driving at the time of the collision, and when he came to the crossing of the streets, he turned north to go on the north and south street towards home, and passed over the center of the north and south street toward the west side, and ran against the plaintiff's carriage, turning over both carriage and wagon. The collision occurred in the day time. The streets were sixty feet wide, and no obstruction existed to prevent a passage over any part of them. There was ample room for defendant to have safely passed without colliding with the carriage, and nothing was shown as to his horses being unmanageable. The plaintiff's children were slightly injured, and it would cost from $15 to $35 to repair the carriage. There was no material conflict in the evidence except as to the extent of the injuries and damages.

The only reason stated in the motion for a new trial, which is insisted upon as error, is in the court giving an instruction to the jury.

Where the evidence clearly sustains the finding of the jury, the judgment will not be reversed on account of an instruction that may not be strictly correct. Section 658, R. S. 1881; *Brooster* v. *State*, 15 Ind. 190; *Toler* v. *Keiher*, 81 Ind. 383, and authorities therein cited.

We think the evidence in this case clearly sustains the finding of the jury, and that a just result was reached in the trial of the cause.

There is no available error in this record.

The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be and it is in all things affirmed, with costs.