No. 10,018.

## NORRIS v. CASEL.

ASSAULT AND BATTERY.—*Damages.*—*Form of Complaint.*—For form of complaint to recover damages for assault and battery, held good as well at common law as under the code, see opinion.

SAME.—*Contributory Negligence.*—The doctrine of contributory negligence does not apply to a wrong wilfully committed.

SAME.—*Answer.*—*Son Assault Demesne.*—*Evidence.*—In a civil suit for assault and battery, *son assault demesne* must be specially pleaded; and without such plea the evidence in justification is not to be considered, though admitted without objection, and in such case instructions, however erroneous, as to what would establish the justification, are not available; error on behalf of the defendant.

INSTRUCTIONS.—*Error not Available.*—*Defects Cured.*—Where it appears affirmatively that the verdict was right on the merits, an erroneous instruction will not reverse the judgment. R. S. 1881, section 658.

From the Superior Court of Vigo county.

*N. G. Buff, D. T. Morgan, B. F. Davis* and ―― *Forkner,* for appellant.

HAMMOND, J.— Action by appellee against appellant to recover damages for an assault and battery. Answer, the general denial; trial by jury; verdict for appellee for $125; appellant's motion for a new trial overruled; exceptions; judgment on verdict, and appeal to this court.

The first error assigned is, " that appellee's complaint does not state facts sufficient to constitute any good or sufficient cause of action."

The complaint, omitting the title, etc., was as follows:

" The plaintiff complains of the defendant, and says, that on or about the 11th day of June, A. D. 1881, the defendant with force and arms assaulted the plaintiff, and with great force and violence struck the plaintiff with rocks, sticks, brickbats and other missiles, and beat, bruised, wounded and ill-treated him, and other wrongs to him then and there did, by means of which said premises the plaintiff was greatly hurt, bruised and wounded, and became and was sick, sore and dis-

ordered, and was permanently disabled and injured, and so remains and continues; so much so that his life is despaired of; whereby he was and is hindered and prevented from transacting any business, and has been obliged to lay out and expend a large sum of money, to wit, the sum of $200, in and about endeavoring to cure and heal himself of his aforesaid wounds, sickness, etc., whereby he is damaged to the amount of $5,000, for which he demands judgment."

It is urged that the complaint is insufficient, for failing to allege that the injuries complained of were wrongfully inflicted, or that they were not the result of the wrongful acts of the appellee. The complaint would have been good at common law. 2 Chitty Plead. 612. It was good under the statute in force when this case was commenced and tried. Form No. 16, 2 R. S. 1876, p. 360. The doctrine of contributory negligence does not apply to a wrong wilfully committed, as an assault and battery. *Steinmetz* v. *Kelly*, 72 Ind. 442 (37 Am. R. 170). The objections to the complaint are not well taken.

The appellant has also assigned for error the overruling of his motion for a new trial. The grounds of this motion were that the verdict was not sustained by sufficient evidence, and error of the court in giving instruction No. 7, on its own motion, and instruction No. 2, at the request of appellee, and in its modifications of instructions Nos. 1 and 2, requested by the appellant.

The evidence, we think, was sufficient to sustain the verdict.

Instruction No. 7, complained of, was as follows:

"If the defendant, Norris, for the purpose of getting an excuse and opportunity to assault and beat the plaintiff, provoked the plaintiff by mere words, however gross and abusive, this would not justify the plaintiff in committing an assault upon the defendant; but if the plaintiff, under such circumstances, assaulted the defendant, the defendant can not justify himself for repelling this assault by violence on the plain-

tiff, if he in the first instance brought on the quarrel, that he might have an opportunity and excuse for beating the plaintiff."

The above instruction contains an erroneous proposition of law. The first part of the charge that a provocation by mere words, however gross and abusive, can not justify an assault, is correct; but when the charge, as in the latter part of it, goes further and announces the law to be that if the person, provoked by insulting words, assaults the person who uses them, the latter may not repel the assault, a manifest error is fallen into. If, as is correctly stated, provoking words, merely, do not justify an assault, a person who makes such words a pretext for committing an assault, commits thereby not only a mere wrong but a crime. The person so assaulted is not deprived of the right of reasonable self-defence, even though he used the insulting language to provoke the assault against which he defends himself. Whatever may have been his purpose in using the abusive language, it can not be made an excuse for the assault. The assault, though thus provoked, is unlawful, and whoever is unlawfully assaulted may use such force as is reasonably necessary to protect himself from harm.

But we are to consider whether, under the issue of the case, the appellant was harmed by the erroneous instruction. He answered the appellee's complaint by the general denial. There was no plea of justification, nor any agreement, disclosed by the record, that evidence in justification might be considered under the general issue. The defence of *son assault demesne*, both at common law and under the code, must be specially pleaded. "But battery is, in some cases, justifiable or lawful; as where one who hath authority, a parent or master, gives moderate correction to his child, his scholar, or his apprentice. So, also, on the principle of self-defence; for if one strikes me first, or even only assaults me, I may strike in my own defence, and, if sued for it, may plead *son assault demesne*, or that it was the plaintiff's own original assault that occasioned it." And again: "A *justification* is likewise

a special plea in bar; as in actions of assault and battery,, *son assault demesne,* that it was the plaintiff's own original assault." 3 Blackstone Com., pp. 120 and 306. Mr. Chitty in his Pleading, vol. 1, p. 535, says this defence must be specially pleaded. This common law principle of practice and pleading is made emphatic by the code. "All defences, except the mere denial of the facts alleged by the plaintiff, shall be pleaded specially." Section 66 of code of 1852, and 356 of R. S. of 1881. Under the issue made by the general denial, the appellant could not defeat the appellee's cause of action on the ground of self-defence. The above instruction, therefore, which the court gave upon the subject of self-defence, though erroneous, was harmless, for it would not have been permitted, under the issue of the case, to benefit the appellant, had it been correct.

Instruction No. 2, given the jury at the request of the appellee, was substantially the same as No. 7, given as above, and, for the foregoing reasons, was harmless.

Instructions numbered 1 and 2, requested by the appellant and modified and given by the court, also relate to the doctrine of self-defence, which, under the issue, was not in the case, and which, though erroneously permitted to be considered by the jury under the instructions, were, to some extent, in the appellant's favor, and he may not complain, though the instructions did not correctly place before the jury the law relating to the right of self-defence. Besides, the evidence fails to show that the appellant was acting in self-defence. He sought a quarrel with the appellee and applied to him opprobrious epithets, and when the appellee retorted in language somewhat excusable under the circumstances, he cast a brick-bat at the appellee, striking him on the head and producing a serious injury. It is true there is some evidence tending to show that appellee, when assailed with the appellant's insulting words, drew a revolver, and threatened to use it, but the weight of evidence is against this, showing quite conclusively that the appellee's revolver was at the time

at a house some distance away, and that he had at the time no revolver with him. The case was fairly tried on its merits. It is expressly provided by statute that the judgment shall not "be stayed or reversed, in whole or in part, * * * where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below." Section 658, R. S. 1881. And where a cause has been fairly tried on its merits and a proper result reached in the court below, the judgment will not be reversed on account of error in an instruction. *Cassady* v. *Magher*, 85 Ind. 228.

There is no error in the record of which the appellant may complain.

The judgment of the court below is affirmed, with costs.

## ON PETITION FOR A REHEARING.

HAMMOND, J.—The appellant's counsel insist that the question of self-defence was properly in this case as evidence relating thereto was admitted without objection. But though evidence be admitted without objection as to an issue outside of the pleadings, it can not be considered by the court or jury, except in a case where the record shows an agreement that all matters of defence may be heard under the general issue. *Fetrow* v. *Wiseman*, 40 Ind. 148, 157. There was no such agreement in this case. The instructions of the court must be applicable to the issues as well as to the evidence. 1 Works Pr., section 787.

In this case the court went outside of the issues, and instructed the jury upon the question of self-defence.

While the instruction was erroneous, it did the appellant no harm; it was rather in his favor, for it, to some extent, gave him the benefit of a defence to which he was not entitled under the issues.

Petition for a rehearing overruled.