Ledford *et al. v.* Ledford.

No. 10,706.

LEDFORD ET AL. *v.* LEDFORD.

PRACTICE.—*Cross-Examination of Witness.—Discretion of Court.—Abuse of.—* A very wide. latitude is necessarily allowable in the cross-examination of an adverse witness, and how far it may be extended, in any case, is a question largely in the discretion of the trial court; and unless there is manifest abuse of such discretion, its exercise will afford no sufficient ground for the reversal of the judgment.

INSTRUCTIONS.— *Harmless Error. — Verdict. — Evidence. — Supreme Court.—* Where the verdict is in accordance with the evidence, and just and right upon the merits, it will not be disturbed by the Supreme Court, on account of error in the instructions.

From the Tipton Circuit Court.

*C. N. Pollard,* for appellants.

*J. W. Kern,* for appellee.

HOWK, C. J.—This was a suit by the appellee, Mary A. Ledford, against the appellants, Alexander H. and Columbus S. Ledford, commenced in the Howard Circuit Court. The object of the suit was to recover of the appellants, who were the brothers of the appellee, the value of her work and labor done at their instance and request, as their housekeeper, during the period of three years. Before answering the complaint, the appellants' motion to change the venue of the cause to some other county was sustained by the court, and the case was sent to the court below for issue and trial. There the cause was put at issue and tried by a jury, and a verdict was returned for the appellee, assessing her damages in the sum of $344.50. Over the appellants' motion for a new trial, the court rendered judgment against them for the damages assessed and costs.

In this court, the only error assigned by the appellants is the overruling of their motion for a new trial. The evidence is properly in the record. The appellants did not claim below, nor do they claim here, that the verdict of the jury is contrary to law, or that it is not abundantly sustained by

sufficient evidence. They do claim, however, that some of the rulings of the court occurring at the trial were erroneous, and these rulings were properly assigned by them, in their motion for a new trial, as causes therefor. Such of these rulings of the trial court, as the appellants' counsel have complained of as errors, in their brief of this cause, we will consider and decide the questions thereby presented.

Appellants' counsel first insists, in argument, that the trial court erred in permitting Nancy Cox, a witness for the appellants, on her cross-examination, over their objections, to answer the following question, propounded to her by appellee, to wit: "Did you not state to Henrietta Lewellyn on yesterday, in a conversation with her, and have you not stated to other persons, that you thought the plaintiff in this action ought to have something for the work she did for defendants?" The record shows that the appellants objected to this question at the time, "upon the ground that it was no part of any conversation, which they had introduced in evidence, with such witness, and that it was not legal or competent for such witness to state any opinion she may have with reference to what the plaintiff ought to have for her work done for the defendants, or any opinion that the plaintiff ought to have pay for her work done for the defend-. ants." The court overruled the objections, the witness answered the question affirmatively and the appellants excepted.

It will be observed that the appellants' objections to the questions above quoted are much broader than the question itself, if, indeed, it can be said that they are applicable to such question. The witness was not asked to state her opinion upon any subject, but she was asked if she had not, in certain conversations referred to, expressed a certain opinion. It is one thing to ask a witness to state his opinion in regard to a matter in issue between the parties to the suit, but it is another and entirely different thing to ask the witness, on cross-examination, if he had not, in certain conversation, expressed a certain opinion. Doubtless, it is true that the opinion of a wit-

ness, to the effect that either one of the parties to the suit ought to recover, is incompetent evidence, and ought not to be admitted. Where, however, as in this case, the witness of one party has given evidence, on her examination in chief, the tendency of which, if believed by the jury, would have been to defeat a recovery by the other party, it certainly is competent for such other party to ask the witness, on her cross-examination, if she had not, in certain conversations, expressed a certain opinion seemingly at variance with her evidence in chief. A very wide latitude is necessarily allowable in the cross-examination of an adverse witness, and just how far it may be extended, in any particular case, is a question largely in the discretion of the trial judge. In the case in hand, we are of opinion that the court, in overruling appellants' objections to the question above quoted, and in permitting the witness to answer such question, committed no such error as would authorize or justify the reversal of the judgment.

Appellants' counsel next complains, in argument, of the instructions to the jury given by the court of its own motion. We have carefully considered these instructions, and construing them with reference to each other, and as an entirety, we think they contain a fair and correct statement of the law, applicable alike to the issues and evidence in the cause. In *Brooks* v. *Allen*, 62 Ind. 401, it was held that where a series of instructions, construed together, lay down proper rules of law and do not mislead the jury, the fact that one of them standing alone might be objectionable is not available as error. Besides, we have often held that a verdict, in accordance with the evidence and with justice, and right upon the merits, will not be disturbed here on account of erroneous instructions to the jury. *Toler* v. *Keiher*, 81 Ind. 383; *Cassady* v. *Magher*, 85 Ind. 228; *Norris* v. *Casel*, 90 Ind. 143. As we have already said, the appellants have not legally called in question, in this case, the sufficiency of the evidence to sustain the verdict, either in the trial court or in this court. Such

being the case, we can not reverse the judgment on account of any supposed error in any of the instructions given or refused. We think the verdict is right upon the evidence and in accordance with justice, and, therefore, we hold that the court did not err in overruling the appellants' motion for a new trial.

The judgment is affirmed, with costs.

Filed May 8, 1884.