Filed April 3, 1891.

---

No. 76.

## Sprinkle *v.* Taylor.

Promissory Note.— *Action by Endorsee.— Fraud as Defence.— Innocent Holder. — Special Verdict.* — In an action by the endorsee of a note against the maker, where the answer alleges that the execution of the note was obtained by fraud, and that the consideration was fraudulent, and that the plaintiff had full knowledge of the consideration for which the note was given, a reply by the plaintiff averring that at the time he purchased the note he had no notice of any defence thereto, but admitting the other averments of the answer, does not amount to such an admission of the allegations of the answer as to entitle the defendant to judgment notwithstanding the general verdict, in which it was found that the note was assigned to the plaintiff before maturity for a valuable consideration in due course of business, and that the plaintiff purchased the same without any knowledge of the existence of any defence thereto.

Special Verdict.—*Instructions to Jury.*—Where a special verdict is requested, the instructions of the court are very limited; but it has the right to instruct the jury as to the nature of the action, as, also, respecting the form of their verdict and their general duty thereto. General instructions as to the law, however, are unnecessary.

From the Huntington Circuit Court.

*B. M. Cobb* and *C. W. Watkins,* for appellant.

*W. H. Trammel,* for appellee.

New, J.—This action is on a note payable in a bank of

this State.    The complaint consists of two paragraphs.    It is alleged in the first paragraph of the complaint that the appellant, Henry S. Sprinkle, on the 13th of January, 1886, executed to A. Thewecter his note for $400, payable on or before April 1st, 1887, at the Citizens' Bank of Huntington, Indiana, for value received, without relief from valuation or appraisement laws, with six per cent. interest until paid, from April 1st, 1886, and attorney's fees ; that said note was sold and delivered by the payee to one Harmon M. Purviance, who sold and delivered the same to the appellee for a valuable consideration before due.

The second paragraph of the complaint is not unlike the first, except that it declares upon the note as a lost instrument.

The appellant demurred to each paragraph of the complaint, which demurrers were overruled and excepted to.

An answer was then filed by the appellant to the complaint averring that the payee of the note, conspiring with other parties to swindle and defraud him, obtained his signature to the note sued on, by representing that he was the agent of a corporation known as the Crawford, Henry and Williams County Seed Company ; that said corporation was solvent, and organized under the laws of the State of Ohio ; that if the appellant would execute the note sued on said company would sell for him by March 1st, 1887, eighty bushels of Bohemian oats for a price of ten dollars per bushel, less twenty-five per cent. as commission for such sale ; that the payee of the note knew that said company was insolvent and worthless ; that he executed the note on the representation of the payee as to the validity, existence and solvency of said corporation, as said payee well knew, when, in fact, as said payee knew, said corporation was wholly insolvent, not having the ability to perform any of said engagements or undertakings ; that at the proper time he appeared, ready to deliver said eighty bushels of oats to said pretended agent, at the place where it was stipulated he

should deliver them, and where he was directed so to do, but said agent refused, failed and neglected to pay for the same, and in fact, for fear of a criminal prosecution, for this and similar transactions, had departed for parts unknown; that the appellee had full knowledge of the consideration for which the note was given at the time of his purchase thereof.

The answer was demurred to by the appellee, the demurrer overruled and exception taken.

The appellee then filed a reply to the answer in one paragraph, in which he says, that at the time he purchased the note sued on, he had no notice of the existence of any defence thereto, but admits that all the other material averments in the answer are true.

The cause was tried by a jury, who, by request of the appellant, returned a special verdict. Both parties moved for judgment on the special finding. The appellant further moved for judgment on the pleading notwithstanding the special verdict, and also asked for a *venire de novo*, all of which motions by the appellant were overruled, and exceptions taken upon each ruling.

The court sustained the appellee's motion for judgment on the special verdict, and judgment was rendered accordingly.

The appellant then filed a motion and reasons for a new trial, which motion was overruled and exception taken.

Seven grounds of error are assigned by the appellant. Those not discussed in the appellant's brief will not be considered.

There was no error in overruling the appellant's motion for judgment on the pleadings.

Cross-errors have not been assigned by the appellee, and, therefore, we are not required to pass upon the sufficiency of the answer, to which a demurrer was sustained.

It is alleged in the answer that the appellee had full knowledge of the consideration for which the note was given at the

time he purchased the same. If this is not equivalent to an averment that the appellee, when he purchased the note, had full knowledge that its execution was obtained by the fraudulent devices set out in the answer, then the admissions made in the plaintiff's reply do not very seriously affect him as a matter of pleading. In the reply it is also alleged by the appellee that at the time he purchased the note sued on, he had no notice of the existence of any defence thereto. We do not think that upon this state of the pleadings, it can be said that the appellee so admits the allegations of the answer as to entitle the appellant to a judgment notwithstanding the special verdict.

The court did not err in overruling the motion of appellant for judgment on the special verdict, and in sustaining the motion of the appellee for judgment on the special verdict.

The jury found that on the 13th of January, 1886, the appellant executed and delivered to the payee the note sued on ; that for a valuable consideration the payee assigned the note before it became due to one Harmon M. Purviance, who, before it became due, assigned the same to the appellee for a valuable consideration, in due course of business, and that the appellee purchased the same without any knowledge of the existence of any defence thereto.

With this finding of facts it was the duty of the court to sustain, as it did, the appellee's motion for judgment in his favor on the special verdict.

No error was committed in overruling this motion for a new trial.

The appellant insists that this motion ought to have been sustained, because the special verdict takes no notice of the admissions contained in the appellee's reply.

The contention of the appellant is, that the reply admits knowledge by the appellee, at the time he purchased the note, that the signature of the appellant was obtained thereto by fraud, and that, therefore, the jury should have found that such knowledge was possessed by the appellee when he

bought the note.   There is nothing in the bill of exceptions showing that any effort was made by the appellant to have the attention of the jury called to the fact, by instructions from the court or otherwise, that an admission had been made in the reply of appellee as claimed by the appellant.

Where a special verdict is requested the instructions of the court are very limited, but the court would have the right to instruct the jury as to the nature of the action and the issues; also, respecting the form of their verdict and their general duty in relation thereto.   General instructions as to the law, however, are unnecessary.   *Toler* v. *Keiher*, 81 Ind. 383; *Woollen* v. *Wire*, 110 Ind. 251.

We very much doubt whether it is fairly deducible from any admissions contained in the reply, that the appellee, at the time he purchased the note, had knowledge that its execution was procured by fraud.

Judgment affirmed with costs.

Filed April 4, 1891.