Ross, C. J.
The appellee sued and recovered judg: ment in the court below, against the appellants, on a retail liquor dealer’s bond executed by the appellant Joseph E. Beugnot as principal, and the other appellants as his sureties.
Although the appellants have assigned a number of reasons in their assignment of errors for a reversal of the judgment appealed from their argument is confined, -except indirectly, to a discussion of questions only which arise under the fourth assignment, viz.: That the court -erred in overruling the motion for a new trial.
The condition of the record as it comes to us is very unsatisfactory, and not only imposes upon the court considerable labor which would have been obviated had the record been properly made, but also leaves serious doubts as to whether or not the questions discussed are properly presented.
Whether this uncertain condition of the record is the result of some error or oversight of the clerk or the indefiniteness of the original bill of exceptions is not disclosed.
It is a settled rule of both this court and of the Supreme Court that reasoiis assigned in a motion for a new trial must be sufficiently definite and specific that on appeal the error complained of may be readily found so as not to impose upon the court the task of searching *622 the record for the alleged error. Knisely v. Hire, 2 Ind. App. 86; Reese v. Caffee, 133 Ind. 14.
On appeal to this court the burthen is upon the appellant to present a record which affirmatively shows the commission of an error by the court below, prejudicial to the rights of the appellant. This is true because every reasonable presumption is indulged in favor of the correctness of the rulings of the lower court. To present such a record as will show affirmatively that an erroneous ruling adverse to appellant has been made, there must be no uncertainty or contradiction on that question on the face of the record. Otherwise the rule obtains that the court’s rulings were right, and the record failing to show affirmatively and uncontradicted that an erroneous ruling was made, no question arises for review on appeal.
We think the second paragraph of the complaint in this case states a good cause of action. A similar complaint was held good by the Supreme Court in the case of The State, ex rel., v. Cooper, 114 Ind. 12.
The reasons in the motion for a new trial based upon the rulings of the court in giving and refusing instructions are not as clear and definite as the construction of the rules of the Supreme Court as announced in a number of cases would sustain. Sutherlin v. State, 108 Ind. 389; Ohio, etc., R. W. Co. v. McCartney, 121 Ind. 385.
We have, however, examined and considered carefully all the instructions given, and while the objections urged by counsel against some of them are plausible, and had they been the only instructions given, they might have been considered harmful, when they are considered in conjunction with the other instructions given, we think it must be considered that their general tendency was as favorable to appellants as they had any right to ask or *623 expect. As to the rights of the jury in considering the evidence, and what it was necessary for the plaintiff to prove to entitle her to recover, the court was very explicit in its instructions. The instructions on this branch of the case were plain, easily understood, and directly applicable to the evidence admissible under the issue.
Filed Jan. 29, 1895.
The case seems to have been fairly tried. Under such circumstances this court will not reverse a judgment, especially when the ruling complained of as erroneous is not clearly and definitely shown on the face of the record.
The statute, specially provides that no judgment shall be reversed where it shall appear to the court that the merits of the cause under the issues properly formed have been fairly tried and determined in the court below. Section 670, R. S. 1894.
The statute has been held to apply in a number of cases where the question urged for a reversal was the same as in this case. Simmon v. Larkin, 82 Ind. 385; Cassady v. Magher, 85 Ind. 228; Norris v. Casel, 90 Ind. 143; Ledford v. Ledford, 95 Ind. 283; Stockwell v. Brant, 97 Ind. 474; Perry v. Makemson, 103 Ind. 300; Sanders v. Weelburg, Exx., 107 Ind. 266; State, ex rel., v. Ruhlman, Exx., 111 Ind. 17; Woods v. Board, etc., 128 Ind. 289.
Judgment affirmed.