*H. W. Harrington* and *C. A. Korbly*, for appellants.

*C. E. Walker*, for appellees.

———————————— • ————————————

## CATTERLIN *v.* MITCHELL.

REPLEVIN.—The code gives an action to recover the possession of personal property whenever the same has been wrongfully taken or is unlawfully detained.

SAME.—The plaintiff need not demand the immediate possession of the property, but may leave the possession to be determined by the final judgment, and in that case the bond and affidavit required where an immediate delivery is claimed need not be filed.

APPEAL from the *Clinton* Circuit Court.

ELLIOTT, J.—*Catterlin* sued *Mitchell* in replevin. The complaint avers that the plaintiff is the owner and entitled to the possession of one four year old dun mare, of the value of one hundred and twenty-five dollars, which the defendant, on, &c., at the county of *Clinton*, wrongfully seized and took possession of, and still wrongfully and without right holds possession of, to the damage of the

plaintiff one dollar; that the property has not been so taken for a tax, assessment or fine, pursuant to a statute, nor seized under an attachment or execution, but the same has been seized and taken by defendant under, and for the satisfaction of, two fee-bills issued by the clerk of the Court of Common Pleas of *Boone* county, *Indiana*, to the defendant, as sheriff of the county of *Clinton;* that the fee-bills are irregular, wrongful and void, and were so at the time of their issue and the seizure of the property, because there were, at the time of the issuance of the fee-bills, no such fees due as are sought thereby to be collected, and because the fee-bills do not conform to the essential requirements of the law authorizing the issuing of fee-bills, and because they were illegally issued.

A demurrer was sustained to the complaint, and final judgment rendered against the plaintiff. The sustaining of the demurrer presents the only question in the case. We think the court erred in sustaining the demurrer. The code provides that "when any personal goods are wrongfully taken or unlawfully detained from the owner, or person claiming the possession thereof, or, when taken on execution or attachment, are claimed by any person other than the defendant, the owner or claimant may bring an action for the possession thereof." 2 G. & H., § 128, p. 127. The complaint, in such a case, need only state the plaintiff's right to the possession of the property, its description and value, and that it was wrongfully taken or unlawfully detained from him, to enable him to prosecute a suit for the recovery of the possession. He need not ask for the immediate possession of the property; and an order for its seizure and delivery to him is not necessary to enable him to prosecute his suit. He may leave the possession to be determined by the final judgment in the case. But if he claims the immediate possession, at the commencement of the suit, then he must file the affidavit and give the undertaking required by sections 129 and 132. In this respect, our present statute differs materially from that of 1843.

The statement in the complaint, that the mare was seized by the defendant to satisfy two fee-bills in his hands, &c., was unnecessary. Nor does it render the complaint bad, as an admission of the right of the defendant to seize and hold the mare, because it is averred that the fee-bills did not conform to the essential requirements of the law authorizing the issuing of fee-bills, and were therefore void. If this be true, they did not justify the officer in seizing the mare, and the whole averment should be regarded as surplusage.

The judgment is reversed, with costs, and the cause remanded, with instructions to the court below to overrule the demurrer, and for further proceedings.

*J. N. Sims*, for appellant.

*L. McClurg*, for appellee.

