## HODSON ET AL. *v.* WARNER ET AL.

REPLEVIN.—*Affidavit and Bond.—When Unnecessary to File.*—Where immediate delivery of property sought to be replevied is not demanded, no affidavit or bond need be filed.

SAME.—*Action.—Where Brought.—Jurisdiction.*—An action of replevin may be brought in any county where the defendant resides.

SAME.—*Sale of Chattel on Condition.*—Personal property, sold and delivered on condition that the title shall remain in the vendor unless the purchase price is paid at a specified time, may, if such payment is not made, be replevied from the vendee or from a purchaser claiming under him.

From the Madison Circuit Court.

*H. D. Thompson,* for appellants.

*M. S. Robinson* and *J. W. Lovett,* for appellees.

WORDEN, J.—This was an action of replevin by the appellees, against the appellants, for a safe.

Issue, trial by jury, verdict and judgment for the plaintiffs, over motions for a new trial and in arrest of judgment.

The plaintiffs did not claim the immediate delivery of the safe, but left the matter to be determined by the final decision of the cause; hence no affidavit or bond was filed.

This was proper. *Catterlin* v. *Mitchell,* 27 Ind. 298.

The ground of the motion in arrest, as we understand the brief of counsel for the appellants, is, that the complaint did not allege, that the property was detained in Madison county, in which the action was brought.

It is claimed, that the action of replevin is local, and must be brought in the county where the property is detained, and that, unless the complaint shows the detention to have been in the county wherein the action is brought, the court will have no jurisdiction of the subject thereof.

Authorities are cited to show that at common law the action of replevin was local. But this is a matter which is regulated by our statute. The statute provides that cer-

tain actions shall be brought in the county where the subject thereof is situate, or where the cause thereof arose, but the action of replevin is not mentioned, or thus localized. 2 R. S. 1876, p. 44, secs. 28 to 32, inclusive.

Then it is provided in section 33, that, " In all other cases, the action shall be commenced in the county where the defendants, or one of them, has his usual place of residence."

Thus, actions of replevin are properly brought in the county where the defendants, or one of them, has his usual place of residence.

The motion in arrest was properly overruled.

We pass to the motion for a new trial.

The evidence in the case shows, that the safe in question was sold conditionally by the plaintiffs to one Allen Selby, on an order similar to that set out in the case of *Bradshaw* v. *Warner*, 54 Ind. 58.

The title was not to pass to Selby until the safe should be paid for.

The time for payment having expired, the plaintiffs demanded the safe of the defendants, but they refused to surrender the same, and this action was commenced.

The defendants are *bona fide* purchasers of the safe from those claiming under Selby. The case is similar in its facts to that of *Bradshaw* v. *Warner*, above cited, and identical in principle,

The verdict was right upon the evidence, and the court correctly stated the law, as applicable to the case, to the jury.

There is no error in the record.

The judgment below is affirmed, with costs.