The Domestic Sewing Machine Co. *v.* Arthurhultz.

---

### THE DOMESTIC SEWING MACHINE CO. *v.* ARTHURHULTZ.

PROMISSORY NOTE.—*Sale.*—*Contract concerning Title to Chattel.*—*Assignment.*—*Replevin.*—The endorsement in blank of a promissory note which stipulates that a certain chattel, therein described, shall remain the property of the payee until the note has been paid, does not, of itself, vest the title to such chattel in the endorsee, so as to enable him to replevy such chattel, on demand, for non-payment of the note.

From the Henry Circuit Court.

*M. D. Harry, D. W. Chambers* and *E. Saint,* for appellant.

*J. Brown, J. M. Brown* and *L. P. Mitchell,* for appellee.

Howk, C. J.—The appellant sued the appellee, in this action, before a justice of the peace in Henry county.

In its verified complaint, the appellant alleged, in substance, that it, the appellant, was the owner and entitled to the possession of one Domestic Sewing Machine, No. 78,129, of the value of forty dollars, of which the appellee had possession without right, and which was unlawfully detained from the appellant by the appellee; and that the same had not been taken by virtue of any execution or other writ against the appellant. Wherefore the appellant demanded judgment for the recovery of said machine, and for five dollars damages for the detention thereof.

The trial of the cause before the justice resulted in a ver-

·dict and judgment in favor of the appellee. On appeal to the circuit court, the cause was tried by the court, without a jury, and a finding was made for the appellee. The appellant's motion for a new trial having been overruled,· and its exception saved to such decision, judgment was rendered on the finding.

The only error assigned by the appellant, in this court, is the decision of the circuit court in overruling its motion for a new trial. The causes for a new trial, assigned by the appellant in its motion therefor, were as follows:

1. That the finding of the court was not sustained by sufficient evidence; and,

2. That the finding of the court was contrary to law.

It will be seen, therefore, that the only question presented for decision, in this case, is this: Was there any sufficient evidence in the record to sustain the finding of the court?

As necessary to a proper understanding of this question, and of our decision thereof, we set out the evidence as we find it in the record.

"Plaintiff's evidence:

"M. D. Harry, being duly sworn, says: As agent for the plaintiff, I made a demand on the defendant for this machine in controversy, before the commencement of this suit, and offered to deliver up the note or article of agreement sued on. The machine is worth forty dollars. ·

"The following article of agreement was then offered in evidence by the plaintiff, as follows:

"'$40.00. APRIL the 25th, 1873.

"'Six months after date, we promise to pay to the order of Child Brothers the sum of forty dollars, payable at First National Bank, New Castle, Ind., value received. The drawers and endorsers severally waive presentment for payment, protest and notice of protest and non-payment of this note. The sewing machine described herein,

for which this note is given, shall remain the property of
Child Brothers until this note is fully paid. No person is
authorized to receive a credit upon this note except the
holder thereof, and said credit shall be endorsed upon this
note at the time of payment.

     (Signed,)                "'L. ARTHURHULTZ.

"'Style ½c. Plate No. 78,129.

"'Due Oct. 25th, 1873.

"'P. O. address, Sulphur Springs. 30,894. Red No. 1,643.'

"Said article of agreement having upon it the following
endorsement, to wit: 'Child Brothers.'

"Defendant gave the following evidence, to wit:

"Leander Arthurhultz, sworn, says:

"I am the defendant: I gave another note, for the
same amount as the one given in evidence by the plaintiff,
for the machine in controversy. The price of the machine
was eighty dollars. The other note for forty dollars has
been fully paid by me and taken up.

"This was all the evidence in the cause; and upon this
evidence the court found for the defendant."

The entire argument of the appellant's counsel, in their
brief of this cause in this court, is comprised in the fol-
lowing sentence:

"We don't think this case needs argument; we there-
fore refer the court to the following authorities, which
fully decide this case." Then follow a number of cases
from our own reports.

We have carefully examined the cases cited by counsel,
and it seems to us that those cases do not "fully decide
this case."

It may be considered as settled law, in this State, that,
where it is stipulated in a written contract in relation to
the sale of personal property, such as the note or article of
agreement, as it is called, given in evidence by the appel-
lant, that the property sold shall remain the property of

the vendor until it has been paid for, the title to such property will not pass to the vendee thereof until such payment has been made.    This doctrine is settled by the following authorities, cited by the appellant's counsel, and claimed by them to be decisive of the case at bar, to wit: *Thomas* v. *Winters,* 12 Ind. 322; *Shireman* v. *Jackson,* 14 Ind. 459; *Plummer* v. *Shirley,* 16 Ind. 380; *Dunbar* v. *Rawles,* 28 Ind. 225; and *Sims* v. *Wilson,* 47 Ind. 226.    The same doctrine is fully considered and adhered to in the more recent case of *Bradshaw* v. *Warner,* 54 Ind. 58.

It may be conceded, that the appellant's evidence in this case showed that the appellee was not the owner of the sewing machine in controversy; but it would not follow, by any means, from the fact thus shown, either that the appellant was the owner, or that it was entitled to the possession of said machine, either at the commencement of this action or at any time afterward.    It seems to us that the appellant's evidence clearly showed that the title to the sewing machine, at least at the time of the trial, was in Child Brothers; and this title, so far as the evidence shows, was not inconsistent with the appellee's possession of the machine.    In an action to recover the possession of personal property, it is a good defence to show that the title to the property is in a stranger to the record, where the complaint alleges title in the plaintiff.    *Landers* v. *George,* 40 Ind. 160; and *Thompson* v. *Sweetser,* 43 Ind. 312.

In the case now before us, it was alleged in the complaint, that the appellant was the owner and entitled to the possession of the sewing machine in controversy.    It was necessary that the appellant should sustain this allegation by evidence. There was no evidence introduced by the appellant, on the trial, in support of its ownership or right to the possession of the sewing machine.    It is true, that the appellant gave in evidence a note, or, as it is called, an article of agreement, signed by the appellee, but that instrument did not show,

The Domestic Sewing Machine Co. v. Arthurhultz.

nor tend to show, that the appellant was the owner, or en-
titled to the possession, of the sewing machine.   On the
contrary, as it seems to us, this note showed upon its face
that the appellant was not the owner of the sewing machine,
but that the title thereto was in third persons, who were
strangers to the record of this action ; for the note in ques-
tion contained this clause : " The sewing machine described
herein, for which this note is given, shall remain the prop-
erty of Child Brothers until this note is fully paid."   This
was the appellee's contract with Child Brothers.   The ap-
pellee stipulated, and by accepting the note Child Brothers
agreed with him, that the sewing machine should remain
their property, not until they might endorse the note to
some stranger, but " until this note is fully paid."   When
this action was commenced, it appeared that the note in suit
was not fully paid, and therefore it followed, that, by the
terms of the note, the sewing machine remained the prop-
erty of Child Brothers.   If it were conceded that Child
Brothers might, under the agreement contained in the note,
sell and assign to a third person the property reserved to
them personally in the sewing machine, which we doubt
but do not decide, it seems very clear to us that they did
not, by their endorsement in blank of said note, sell and
assign their property in said machine to the appellant,
and there is no other evidence of any such sale or assign-
ment in the record.

We think that the evidence failed to show that the ap-
pellant was the owner and entitled to the possession of the
sewing machine in controversy; and therefore we hold,
that the court did not err in overruling the appellant's mo-
tion for a new trial.

The judgment is affirmed, at the appellant's costs.