Filed Dec. 21, 1883.

———————◆———————

No. 10,900.

## PAYNE ET AL. *v.* JUNE ET AL.

REPLEVIN.—*Complaint.*—In an action for the recovery of personal property in the circuit court, it is not necessary to aver in the complaint that the property has not been taken for a tax, assessment or fine, or seized under an execution or attachment, against the property of the plaintiffs.

SAME.—*Conditional Sale.— Title.—Contract. — Promissory Note.—Evidence.*— Where personal property is sold upon the condition that the title does not vest until payment is made, and notes are executed for the price, an action for its recovery for failure to pay the price is not based upon the notes, and they need not be made a part of the complaint, nor their execution proved, in order to read them in evidence.

SAME.—*Bona Fide Purchaser.*—A *bona fide* purchaser of property from a person having no title can not hold such property as against the rightful owner.

SAME.—*Recovery from Bona Fide Purchaser.*—The owner of personal property, who holds the same upon the condition that the title does not vest until the price is paid, may, upon the purchaser's failure to pay, recover the property from a *bona fide* purchaser.

SAME.—*General Finding.*—*Ownership.*—A general finding, in an action of replevin, for the plaintiffs is equivalent to a finding that the plaintiffs are the owners and entitled to the possession of the property.

DEPOSITION.—*Signature.*—*Names.*—Where a deposition contains any relevant testimony, it is not error to refuse to suppress it, and the fact that the deponents subscribed their names by initials is no reason for suppressing the deposition.

SUPREME COURT.—*Instruction.*—*Evidence.*—*Verdict.*—An error in giving or refusing to give an instruction will not work a reversal of the case, where it appears that the verdict was clearly right upon the evidence.

SAME.—*Harmless Error.*—A judgment will not be reversed on account of irrelevant evidence, where it is entirely harmless.

From the Montgomery Circuit Court.

*J. Wright* and *J. M. Seller*, for appellants.

*T. H. Ristine, B. T. Ristine, P. S. Kennedy* and *W. T. Brush*, for appellees.

BEST, C.—The appellees brought this action against the appellants to recover a portable engine. The complaint averred that the plaintiffs were the owners and entitled to the possession of the engine; that the defendants had possession without right, and unlawfully detained the same in Montgomery county, etc.

A demurrer to the complaint, for the want of facts, was overruled, and an answer of four paragraphs was filed. A demurrer to the second and third paragraphs of the answer was sustained, and a reply to the fourth was filed. The issues were tried by a jury, and a verdict returned for the plaintiffs. Motions for a new trial and for a *venire de novo* were overruled, and judgment was rendered upon the verdict. These various rulings have been assigned as error in this court, and will be considered in the order of their statement.

The objection made to the complaint is that it does not aver that the engine was not taken for a tax, assessment or fine, or seized under an execution or attachment against the property of the plaintiff. This was unnecessary. Where an immediate delivery of the property is sought, the statute requires an affidavit to be made stating these facts, but the complaint it-

self need not contain these averments, whether the immediate delivery of the property is or is not sought. Sections 1266 and 1267, R. S. 1881.

In this case, the immediate delivery of the property was sought, and the proper affidavit made. The complaint was sufficient, and the demurrer properly overruled.

The third paragraph of the answer alleged, in substance, that the plaintiffs sold the engine in question to one E. B. Reynolds upon condition that they should retain the title until the price was fully paid ; that two notes, containing this condition, remained unpaid, and that Reynolds induced the plaintiffs to make the sale by fraud, stating the facts ; that he made one payment upon the contract and then sold the engine to the defendants.

The appellants maintain that the averments of this paragraph show that the appellees' cause of action is in fact based upon the notes made for the engine, and as they are not declared upon by filing them, or copies of them, with the complaint, the action can not be maintained, and hence the paragraph was sufficient.

This is an entire misapprehension of the nature of the action. It was not based upon the notes, but upon the alleged ownership of the property. Proof of ownership *prima facie* entitled the appellees to a recovery, and the conditional sale mentioned in the answer did not divest them of their title. The right to recover did not depend upon the notes, because their title was not acquired by them. At most, the notes only showed that their title, otherwise acquired, was not divested by such sale.

It is also insisted that this sale was procured by fraud, and that the vendor in such case can not recover his property without restoring or offering to restore the consideration. This is true where he seeks to disaffirm his contract on such ground, but it has no application to a case where the vendor has not parted with his title. In such case, he may recover his property without disaffirming his contract. This

paragraph was insufficient, and the demurrer properly sustained.

The second paragraph merely alleged that the appellants purchased the engine for value and without any notice of the appellees' claim.

This was clearly bad. It neither avers from whom such purchase was made, nor that such vendor had any title. A *bona fide* purchaser from a person having no title can not hold the property as against the rightful owner.

This brings us to the motion for a new trial, which embraced many reasons. These will be noticed in the order in which the appellants discuss them.

It is first insisted that the court erred in permitting the appellees to read in evidence the notes made for the engine, without proof of their execution.

The appellees, after proving that they had manufactured the engine in dispute, had sold it to E. B. Reynolds, upon the condition that the title was not to pass until full payment was made, read in evidence the notes received by them for the engine, without proof that they had been executed by Reynolds and his surety, as they purported to be. This was right. Proof of their execution was wholly immaterial. If they were executed by the makers, as they purported to be, they only tended to show that the appellees had not parted with their title, and if they were not executed by them, they tended to show the same fact, as they were received by the appellees for the engine. In either case their production tended to show that the sale made did not divest the appellees' title, and hence it was unnecessary to prove their execution. Had the appellees acquired title by them, proof of their execution would have been necessary. There was, therefore, no error in this ruling.

It is next insisted that the court erred in admitting in evidence the deposition of David June, one of the appellees, and in support of this cause the appellants insist that the deposition of said witness contained hearsay statements, and that its tendency was to prove the contents of a written contract which

was embodied in the notes themselves. These objections are not well founded in fact. The deposition also contained the testimony of said witness as to the ownership of the engine. This was relevant and properly proved by him in the deposition. If the deposition contained the objectionable testimony indicated, the appellants should have moved to exclude such portions, and not the entire deposition.

It is further insisted that the court erred in admitting in evidence the deposition of Horace S. Buckland, on the ground that it was irrelevant and immaterial.

The deposition of this witness tended to prove that, as agent of the appellees, he had, before the commencement of the suit, demanded the engine of the appellants. This was relevant, material and necessary, in order to enable them to recover, and the motion, for this reason, was properly overruled.

The motion to exclude the deposition of William H. Ford was properly overruled, because portions of it tended to identify the engine in dispute as the engine transferred by the appellees to E. B. Reynolds, as above stated.

It is also insisted that the court erred in giving and in refusing to give instructions. We have examined them all carefully, and think the court did not err in either respect. We will not set them out, however, as the verdict in this case was right upon the evidence, and in such case the judgment will not be reversed for giving an erroneous instruction or refusing to give a proper one. *Pennington* v. *Nave*, 15 Ind. 323; *State, ex rel.,* v. *Parish*, 83 Ind. 223.

It is next insisted that the court erred in permitting the appellees to read in evidence two chattel mortgages executed by the appellants upon the engine at the time they purchased it. The description of the engine, as contained in these mortgages, tended, perhaps, to identify it. If so, they were admissible for such purpose, and, if not, their admission was entirely harmless. No available error was, therefore, committed in this respect.

The appellants also insist that the evidence does not sus-

tain the verdict. We .think differently. It shows that the appellees, doing business under the name of " D. June & Co.," manufactured the engine at Fremont, Ohio, sold it to E. B. Reynolds, of White county, Indiana, upon condition that the title should not pass until full payment was made; that he paid the cash payment and made three notes of $270 each, containing these clauses: " The express conditions of the sale and purchase of the Champion Engine, for which this note is given, are such that the title, ownership and possession does not pass from the said D. June & Co. until this note, with interest, is paid in full. The said D. June & Co. have full power to declare this note due and take possession of said Champion Engine at any time they may deem this note insecure, even before the maturity of the same ;" and that these notes purported to be signed by G. A. Reynolds as surety; that the first one maturing was paid, and before the maturity of the next the engine was transferred to the appellants, and Reynolds left the country ; that suit was brought upon the second note, its execution denied by G. A. Reynolds, and pending these proceedings the appellees traced the engine to the appellants' possession, in Montgomery county, Indiana, demanded it of them and brought this action for its recovery. Under these circumstances they were entitled to recover the engine. *Bradshaw* v. *Warner,* 54 Ind. 58 ; *Hodson* v. *Warner,* 60 Ind. 214.

They also insist, at great length, that the delivery of property under such conditional sale to the vendee clothes him with authority to transfer the title to a *bona fide* purchaser, and hence contend that, as appellants are such purchasers, the action can not be maintained. The above cases hold this proposition against them.

The appellants also insist that the court erred in overruling their motion for a *venire de novo.* The verdict is in these words : " We, the jury, find for the plaintiff, and that the engine in controversy is of the value of $600, and is in possession of the defendants. JOHN PETERSON, Foreman.".

The alleged defects are that the verdict does not find that the plaintiffs are the owners and entitled to the possession of the engine. The general finding for the plaintiffs was a finding of both these facts. *Rowan* v. *Teague,* 24 Ind. 304; *Crocker* v. *Hoffman,* 48 Ind. 207.

It was unnecessary for the verdict to express a finding upon each averment of the complaint. The general finding was sufficient in this respect. No error was, therefore, committed in this ruling.

We have now noticed all the questions raised, and as we are of opinion that there is no error in the record, the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby affirmed in all things, at the appellants' costs.

Filed Nov. 1, 1883.

### ON PETITION FOR A REHEARING.

BEST, C.—The depositions of Horace S. Buckland and William H. Ford were signed by the initials of their Christian names, and the appellants insist that the court erred in refusing to suppress them. This was not a sufficient cause. A party may bind himself by executing any other written instrument in this way, and we perceive no reason why a deposition may not be "subscribed" in the same way. Such signature is presumptive evidence that the witness subscribed his deposition, and if the party who desires its suppression really believes that the witness did not sign it, the onus is upon him to show it. The want of the full Christian name is not enough.

The only other question urged is that the court permitted the notes of Reynolds & Reynolds to be read in evidence without proof of their execution. This was fully considered in the original opinion, and we adhere to the view there taken. The petition should be overruled.

PER CURIAM.—The petition is overruled.

Filed Dec. 12, 1883.