Filed Jan. 4, 1887.

---

No. 12,789.

# THE WINCHESTER WAGON WORKS AND MANUFACTURING COMPANY v. CARMAN.

SALE.—*By Wholesale to Retail Dealer.*—*Condition that Title Shall Remain in Vendor Until Payment.*—*When Fraudulent and Void.*—Where a manufacturer and wholesale vendor of articles of personal property sells upon credit and delivers a lot of such articles to a retail dealer for the apparent or implied purpose of resale, a condition in the contract of sale, that the title to the property shall remain in the vendor until the purchase-price is paid, is fraudulent and void as against a purchaser from the vendee.

SAME.—*Evidence.*—Testimony that the vendor expected and intended, when the sale was made to the retailer, that the latter should sell the property to the general public as soon as opportunity offered, without awaiting the maturity of notes given therefor, is admissible.

From the Wayne Circuit Court.

*T. J. Study, W. A. Thompson, A. O. Marsh* and *J. W. Thompson,* for appellant.

*H. U. Johnson* and *P. J. Freeman,* for appellee.

HOWK, J.—This was a suit by the appellant to recover the possession of two wagons, of the value of $127, of which, as alleged, it was the owner and entitled to the possession; and further it was alleged, that appellee had possession of such wagons without right or title, and unlawfully and wrongfully detained the same from appellant. Wherefore, etc.

The cause was tried by a jury, and a verdict was returned

for appellee, the defendant below; and over appellant's motion for a new trial, the court rendered judgment for appellee upon and in accordance with the verdict.

The only error assigned here by the appellant is the overruling of its motion for a new trial.

The facts of this case were substantially as follows: On, and for some time prior to, the 29th day of July, 1884, appellant was and had been engaged in the manufacture of wagons and in the sale thereof at wholesale to retail dealers therein. On, and for some time before, the day last named, one J. B. Stewart was and had been a retail dealer in wagons and other implements, and a customer of the appellant. On the day last named, pursuant to a written contract theretofore entered into, appellant sold and delivered to said J. B. Stewart, at College Corner, Ohio, "a car load of twenty wagons," for the aggregate sum of $1,287.50, payable in three instalments, evidenced by Stewart's three notes to the appellant, maturing respectively on the 29th day of November, 1884, and on the 29th days of January and March, 1885. It was stipulated in such written agreement, and in each of Stewart's three notes, that the title to the car load of wagons should remain in appellant until such notes were fully paid. The two wagons, which are in controversy in this action, were a part of such car load of wagons so sold and delivered by appellant to J. B. Stewart, and were by him sold and delivered in January, 1885, to one Benjamin Wolverton, who, "several days afterwards," sold them to appellee. In consideration of the sale of the two wagons to him, Wolverton sold and conveyed to said J. B. Stewart 320 acres of land in Reynolds county, Missouri. Afterwards, J. B. Stewart sold and conveyed the same Missouri land to the appellant, with full knowledge on its part that all that Stewart ever gave for such land was the two wagons, of which it now claims to be the owner in this action. Appellant took the conveyance of such land, at the agreed price of $480, and with Stewart's consent gave him credit for that amount on an old debt, which he

owed appellant for other wagons sold and delivered by it to him, prior to its sale and delivery as aforesaid of such "car load of twenty wagons." After appellant obtained its deed for such Missouri land, it commenced this suit against appellee to recover the possession of the two wagons which Stewart gave for such land.

At appellee's request, the trial court instructed the jury that if they found the facts of this case to be substantially as we have stated them, "the plaintiff can not recover said two wagons from defendant in this action, even though said Wolverton knew, at the time he traded such land for the two wagons, that the title to such wagons was in plaintiff, and even though plaintiff and said Stewart, at the time plaintiff took a deed of such land to itself, applied the same upon an existing indebtedness of said Stewart to the plaintiff other than the purchase-money for said two wagons."

The trial court refused to instruct the jury, when requested by appellant, as follows :

" If the wagons in controversy were sold by the plaintiff to one J. B. Stewart, on or about the 29th day of July, 1884, upon the express condition that the title to the wagons should remain in plaintiff until the purchase-price, which Stewart agreed to pay for the same, should be paid, and if said Stewart afterwards, without the consent of plaintiff, and without the wagons having been paid for, traded such wagons to one Wolverton for certain land in the State of Missouri, and thereafter said Wolverton traded or sold such wagons to the defendant, without the consent of plaintiff, and without the purchase-price which Stewart agreed to pay plaintiff for said wagons having been paid, the fact that plaintiff accepted a conveyance of such land from said Stewart, but not in satisfaction of nor in payment upon the amount which Stewart agreed to pay plaintiff for said wagons, did not estop nor deprive plaintiff of the right to recover said wagons from the defendant."

VOL. 109.—3

Appellant also requested the court to give the jury another instruction, which was refused; but as it does not differ in substance, or in legal effect, from the instruction last quoted, we need not set out such other instruction in this opinion.

It is claimed by appellant's counsel, that the court below erred both in giving the instruction requested by appellee, and in refusing to give the instructions asked for by appellant; and these alleged errors of law were assigned by it as causes for a new trial, in its motion therefor. These errors of law fairly present for our decision what we regard as the controlling question in this case, namely: Upon the facts shown by the evidence, as we have heretofore stated them, was appellant's conditional sale of the car load of wagons to J. B. Stewart valid and binding, or was the condition fraudulent and void, as against the appellee?

The law seems to be well settled in this State, that where the owner of personal property sells and delivers it to a purchaser, not for the purposes of consumption or resale, at an agreed price payable at a future day, upon the express condition and agreement that the title to such property should remain in the vendor thereof until the purchase-price was fully paid, the vendee of such property, prior to such payment, can neither sell nor encumber the property in such manner as to defeat the title of the original owner and vendor thereof. *Thomas* v. *Winters*, 12 Ind. 322; *Dunbar* v. *Rawles*, 28 Ind. 225; *Bradshaw* v. *Warner*, 54 Ind. 58; *McGirr* v. *Sell*, 60 Ind. 249; *Domestic S. M. Co.* v. *Arthurhultz*, 63 Ind. 322; *Payne* v. *June*, 92 Ind. 252; *Lanman* v. *McGregor*, 94 Ind 301; *Baals* v. *Stewart, post*, p. 371.

But where, as here, it appears that a manufacturer and wholesale vendor of articles of personal property sells upon credit, and delivers a lot of such articles to a retail dealer therein, for the apparent or implied purpose of resale by such vendee, it is clear, we think, that the doctrine in relation to conditional sales can not apply to or govern such a sale, in a controversy as to such articles between the original

vendor and the purchasers thereof from the original vendee. For, in such case, the purposes for which the possession of the property was delivered to the original vendee are inconsistent with the continued ownership thereof by the original vendor, and for this reason the condition, upon which the sale and delivery were made, must be deemed fraudulent and void as against purchasers from the original vendee of the property.

In *Devlin* v. *O'Neill*, 6 Daly, 305, it was held that a sale of goods, to be disposed of by the vendee at retail, can not be conditional, and that an attempt to make it conditional is fraudulent and void as to creditors of the vendee. So, also, in *Ludden* v. *Hazen*, 31 Barb. 650, it was held by the Supreme Court of New York, that a conditional sale of goods, to be resold by the vendee at retail, was fraudulent as against purchasers and creditors, and that the form of the transaction should be deemed to be colorable, and the title held to have vested absolutely in such vendee. See, also, *Griswold* v. *Sheldon*, 4 N. Y. 581, 591; Benj. Sales (3d Am. ed.), section 319, note c.

We are of opinion, therefore, that upon the facts shown by the evidence, in the case under consideration, the title to the two wagons in controversy herein must be held, as between the appellant and appellee, to have vested absolutely in said J. B. Stewart, and that, for this reason, the verdict of the jury in appellee's favor was clearly right. In this view of the case, the instruction given by the court at appellee's request, even if it were conceded to be erroneous, would not authorize the reversal of the judgment. This is settled by our decisions. *Toler* v. *Keiher*, 81 Ind. 383; *Mand* v. *Trail*, 92 Ind. 521 (47 Am. R. 163); *Daniels* v. *McGinnis*, 97 Ind. 549; *Perry* v. *Makemson*, 103 Ind. 300.

It is certain, we think, that the trial court did not err in refusing to give the jury either of the instructions requested by appellant, because neither of these instructions gave the jury the law, as we have heretofore stated it, applicable to the facts of this case as shown by the evidence.

It is shown by the record that the trial court, over appellant's objections, permitted the appellee to prove by Asahel · Stone, appellant's general manager, while testifying as a witness for appellee, in answer to proper questions, " that the plaintiff and its agents expected and intended, when said wagons were sold to said Stewart, that he was going to sell, and should sell, said wagons to the general public at retail, before the maturity of the notes given for the wagons; that it was the expectation of plaintiff and its agents, that said Stewart would sell said wagons immediately to the general public, without awaiting the maturity of these notes, and as fast as opportunity offered." Appellant excepted to the ruling of the trial court, in admitting the evidence quoted, and assigned such ruling as cause for a new trial in its motion therefor.

Appellant's counsel insist in argument that it was error for the trial court to admit the evidence quoted of its general manager, in regard to its intentions and expectations.   It is shown by the record that this evidence was objected to below solely on the grounds "that the contract between plaintiff and said Stewart was in writing, and that it was not competent for defendant to change, vary or add to said agreement and contract any terms, conditions or provisions, by parol evidence as to what was said, at the time said agreement and contract was made, as to the expectations or intentions of the plaintiff."

It is very clear, we think, that this objection to the admission of Stone's evidence was not well taken, and was properly overruled, and it is settled by our decisions that objections to the admission of evidence, which were not made below, can not be made here.   *Bruker* v. *Kelsey*, 72 Ind. 51 ; *McIlvain* v. *State, ex rel.*, 80 Ind. 69; *Lake Erie, etc., R. W. Co.* v. *Parker*, 94 Ind. 91.

The record of this cause wholly fails to show that appellee offered to prove by the witness Stone " what was ˙said at the time said agreement and contract was made, as to the ex-

pectations or intentions of the plaintiff;" or that appellant objected to the admission of such parol evidence, upon any ground; or that the trial court admitted parol evidence of what was said by any one, at the time mentioned or at any other time. Stone's evidence, above quoted, of which appellant complains, did not change or vary the written contract between plaintiff and said Stewart, nor add thereto any terms, conditions or provisions which were not already expressed in such contract, and clearly implied in and by the entire transaction between the appellant and Stewart, as shown by the evidence. We are of opinion, therefore, that Stone's evidence above quoted was not objectionable, either upon the ground stated below or upon any other ground, and that the court committed no error in the admission of such evidence.

Upon the whole case as presented here by the record, it appears to us " that the merits of the cause have been fairly tried and determined in the court below;" and in such a case our statute forbids that " any judgment be stayed or reversed, in whole or in part." Section 658, R. S. 1881.

The judgment is affirmed, with costs.

Filed Jan. 5, 1887.