Steele *v.* Aspy, Administrator.

No. 14,996.

STEELE *v.* ASPY, ADMINISTRATOR.

RECEIVER.—*Application for Appointment of.*—*Application, how Considered.*— *Applicant's Interest in Property.*—*Conditional Sale.*—In an agreement for the sale or trade of a stock of goods, it was stipulated that the purchaser should not move the goods from the town in which they then were, but that he should be allowed to sell the same, and that he should turn over to the vendor all moneys arising from the sale of the goods until the difference between them was settled.

*Held*, that in order that the title may not pass, in the transfer of personal property, there must be a plain and express stipulation to that effect, and that under the foregoing facts the title had passed, and that the seller had no such right or interest in the property as entitled him to the appointment of a receiver, even if the purchaser was insolvent and was disposing of the goods and applying the proceeds to his own use, in violation of the terms of his contract.

*Held*, also, that in an application for a receiver the court must look to and consider the facts stated in the application, and unless they are sufficient to justify the appointment it must be denied.

From the Jay Circuit Court.

*J. J. M. La Follette, D. T. Taylor* and *R. H. Hartford,* for appellant.

*P. B. Manley, J. T. France* and *J. T. Merryman,* for appellee.

McBRIDE, J.—This was an appeal from an order appointing a receiver on the application of the appellee, as administrator *de bonis non* of the estate of Isaac Nelson, deceased.

On the 3d day of November, 1888, said decedent and appellant entered into a contract, of which the following is a copy :

"GENEVA, IND., Nov. 3d, 1888.

"Article of agreement between Isaac Nelson and Alva Steele. The said Isaac Nelson doth agree to trade to Alva Steele a certain stock of goods in the town of Geneva, the goods to be invoiced at cost and carriage, except damaged goods to be taken for what they are worth. The said Alva

Steele trades property in the town of Dunkirk, located on Main and Converse streets, one located on railroad grounds. The said property to be taken at thirteen hundred dollars. The said Alva Steele agrees not to move the stock of goods from the town of Geneva, but allowed to sell said goods, and all money taken in to be turned over to Isaac Nelson until difference is satisfied.

"Isaac Nelson.

"Alva Steele."

Appellee brought suit to collect the sum of $1,008, which he alleged was the difference between the invoice-price of the goods and the property transferred by Steele to decedent. The complaint charges, in substance, that the appellant has sold goods out of said stock to the amount of $500, but that, instead of paying the same over as required to do by the terms of the contract, he has retained all of it, and has applied it to his own use, that he is wholly and notoriously insolvent, and is still selling, and threatening to sell and otherwise dispose of said goods and apply the proceeds of such sales to his own use, in violation of the terms of said contract, and that if he is permitted to retain possession of said stock of goods said claim will be wholly lost to the estate.

The only showing and application for the appointment of a receiver was contained in the complaint, which was verified.

To authorize the interposition of the court by the appointment of a receiver, it was essential that the appellee should show either a clear legal right in himself to the property in controversy, or that he had some lien upon or property right in it, or that it constituted a special fund out of which he was entitled to satisfaction of his demand. It was essential, to authorize the exercise of such jurisdiction, for the appellee to show that he had a present, existing interest in the property. High Receivers, sections 11 and 12; Beach Receivers, section 5; Smith v. Wells, 20 Howard Prac. Rep. 158.

In High on Receivers, it is said: "It is in all cases es-

sential that the plaintiff should have a present existing interest in the property over which he seeks to have a receiver appointed ; and when it is apparent that he has parted with his entire interest in and title to the property the court will not interfere." Section 12, *supra.* In Beach on Receivers, it is said : " The right of the plaintiff to the property must be an existing one. If he has parted with his interest, a receiver will be refused." Section 5, *supra.*

It is clear that the appellee had no such right or interest in the property as entitled him to the appointment of a receiver.

That there may be a conditional sale of personal property whereby the vendor retains the ownership until the price is paid, although he parts with possession, is well settled in this State. *Bradshaw* v. *Warner*, 54 Ind. 58 ; *Thomas* v. *Winters*, 12 Ind. 322 ; *Dunbar* v. *Rawles*, 28 Ind. 225 ; *Hodson* v. *Warner*, 60 Ind. 214 ; *Domestic Sewing Mach. Co.* v. *Arthurhultz*, 63 Ind. 322 ; *Winchester, etc., Co.* v. *Carman*, 109 Ind. 31.

That the title may not pass in such cases, however, there must be a plain and express stipulation to that effect. The vendor clothing the vendee, as he does, with all the *indicia* of ownership, whereby as to third parties he is apparently the owner, must make his reservation explicit and unequivocal. It is not the policy of the law to encourage such sales, or to construe as conditional a sale where the reservation is equivocal or doubtful.

In the case of *Winchester, etc., Co.* v. *Carman, supra,* it was held that where a sale of goods was made to one who, as in this case, was to retail them, an express stipulation that the sale was conditional, and the title should not pass until the goods were paid for, was void as to creditors of the vendee.

By the sale in this case the title unquestionably passed to Steele. There can be no doubt that the property would

have been subject to levy and sale on an execution against him, or that if levied upon he could, if a resident householder entitled to exemption, have claimed $600 in value of it, as exempt from execution. That the debt the appellee was seeking to collect was for a part of the purchase price of the goods in question can make no difference. The vendor of chattels retains no lien thereon for purchase-money after he has voluntarily yielded possession to the vendee. Schouler Personal Property, section 555.

Appellee insists that the court can not construe the contract, or consider the sufficiency of the facts stated in the complaint to justify the appointment of a receiver, citing *Pouder* v. *Tate*, 96 Ind. 330; *Buchanan* v. *Berkshire Life Ins. Co.*, 96 Ind. 510; *Pressley* v. *Harrison*, 102 Ind. 14; *Bufkin* v. *Boyce*, 104 Ind. 53. The cases cited are not authority in support of appellee's contention. It is true, pleadings and demurrers are not relevant to such an application, but of necessity the court must look to and consider the facts stated in the application, and unless they are sufficient to justify the appointment it must be denied.

The court erred in appointing a receiver in this case.

Judgment reversed with costs.

Filed May 25, 1891.