## ANDRE v. MURRAY ET AL.

[No. 22,354.    Filed March 11, 1913.    Rehearing denied May 29, 1913.]

1. PLEADING. — *Complaint.—Demurrer.—Admissions.*—A demurrer to a complaint admits the truth of the facts well pleaded. p. 579.

2. SALES.—*Conditional Sales.—Stock of Goods.—Sale by Purchaser.*—A sale of a stock of goods to be sold at retail, though on condition that title is not to pass until the goods are paid for, authorizes their sale by the vendee in the regular course of trade at retail, so as to pass title to the purchasers, but does not authorize the vendee to sell the same in bulk. p. 580.

3. SALES.—*Conditional Sales.—Stock of Goods.—Rights of Creditors of Vendee.*—A stock of goods sold to a retail merchant on condition reserving title in the seller until the same is paid for, cannot be transferred by the purchaser in bulk, nor can the same be levied upon by execution and sold to satisfy creditors of such purchaser other than the original vendor, nor can it be taken by a trustee in bankruptcy to the prejudice of such original vendor's claim. p. 582.

From Fayette Circuit Court; *Douglas Morris,* Special Judge.

Action by David W. Andre against John G. Murray and others. From a judgment for defendants, the plaintiff ap-

peals.   (Transferred from the Appellate Court under §1394
Burns 1908, Acts 1901 p. 565.)   *Reversed.*

*L. L. Broaddus, George C. Florea* and *Finley H. Gray,*
for appellant.

*Miles & Springer* and *Conner & Conner,* for appellees.

ERWIN, J.—Action in replevin.  The only error assigned
arises on the sustaining of appellees' demurrer to the com-
plaint.   Appellant alleges in his complaint that on May
28, 1906, he conditionally sold and delivered to appellee,
John C. Murray, and one Edwards a retail stock of drugs
and other property, located in a certain business room in
Connersville, Indiana.

The contract of sale was in writing, and is as follows:

"This indenture witnesseth, that David W. Andre, of
the city of Connersville, in the county of Fayette, in the
state of Indiana, has this 28th day of May, 1906, for the
sum the of two thousand ($2,000) Dollars, and full com-
pliance with the terms and conditions hereof, sold and
transferred to John G. Murray and J. Arthur Edwards,
of said city, county and state, the following described
personal property and chattels, located in said city,
county, and state, and described as follows, towit:  All
the vendor's stock of retail drugs, sundries, paints,
oils, liquors, the same to include all retail stock on
hand of vendor of every description, now located in
what is known as the Opera House Drug Store Room,
at No. 128 W. Fifth Street, in said city; also seven show
cases, two pair of scales, and one prescription scale, lo-
cated in said room.   The terms and conditions above
mentioned are, that said vendee shall pay to said vendor
the sum of Two Thousand ($2,000) Dollars, with in-
terest thereon at the rate of six (6) per cent per annum
from date hereof until paid, said sum and interest there-
on to be payable in monthly installments of not less than
Twenty ($20.00) Dollars each, the same to be applied
first to the payment of interest and the balance to said
principal, the first installment coming due at the expira-
tion of one month from the date hereof, and one install-
ment at the expiration of each month thereafter, until
the whole amount of principal and interest is paid.  The

retail stock shall remain where the same is now located, until said sum, together with all interest thereon, is paid in full, and until said principal sum and interest is paid, said vendee shall keep said stock renewed and replenished so that same shall at all times be maintained at not less than the cash value at wholesale in amount equal to the unpaid balance of said sum and interest, and said stock so added to stand hereunder in place of stock sold. That vendee shall pay to vendors as rent for said room where said retail stock is now located the sum of $8.25 each week until said principal of $2,000 and interest is paid, the first weekly payments thereof coming due one week from date hereof, and one payment of $8.25 coming due each week thereafter until said principal and interest is paid as above provided.''

It is also averred in the complaint that by the mutual mistake of each of the parties to the contract, and by the mistake of the scrivener who drafted the same, the provision ''that the title to all of said property shall be and remain in the said vendor until full payment of said purchase price, and that upon default of said vendee in any of the conditions that said vendor shall be entitled to the possession thereof'' was omitted from said agreement, as reduced to writing; that subsequently Edwards sold and assigned his interest in the property to Murray, who assumed the obligations of the original contract of purchase. It is further averred that on July 28, 1908, Murray and Edwards made default, in that they failed and refused to pay the monthly installment of principal and interest then due, and informed the appellant that they would pay no further amounts upon said contract, and that on said date there was a balance of said purchase price and interest unpaid in the sum of $1727.50; that on said day, the vendees made further default, in that they had failed to keep said stock renewed, as provided, but had sold and reduced the same, so that said stock did not exceed $1,000 wholesale value, including renewal goods, and that the value of the original goods remaining did not exceed $200; that on said day appellant Murray, assuming to own said property, assigned

the same as a failing debtor to appellee, John Payne, as assignee for the benefit of his *bona fide* creditors; that after the bringing of the original action, upon petition of creditors of Murray and of the partnership of Murray & Edwards, said Murray, individually, and said partnership were adjudged involuntary bankrupts, and that appellee, Charles W. Neff, was duly appointed trustee in bankruptcy; that by the proceedings in bankruptcy the assignment to John Payne was superseded and annulled. The prayer is for a reformation of the contract, so that the same shall include the omitted conditions, as agreed upon, judgment for the possession of the goods found and taken on the writ of replevin, and for the value of the goods not found.

The appellees separately filed demurrers to the complaint for want of sufficient facts, which demurrers were sustained by the court. Appellant refusing to plead further and electing to abide by his complaint and exception to the ruling of the court in sustaining the demurrer thereto, judgment was rendered for the return of the property taken on the writ of replevin to appellee Neff, trustee in bankruptcy, and that defendants recover costs. As the demurrer

1. admits the truth of all facts well pleaded, we must, in considering the legal sufficiency of the complaint, treat the same as including the omitted stipulation in regard to title remaining in the vendor.

The contention between the parties in this cause, is the construction to be given the contract, between appellant and the parties to whom he sold the stock of drugs. It is contended by the appellant that the contract makes a conditional sale, and that the ownership of the goods is, by the terms of the contract retained by appellant until the price therefor has been paid. The appellee contends that the delivery of the goods with the provision that they should be sold by the purchaser at retail is inconsistent with a conditional sale and that title passed to the purchaser, his creditors and assigns. It is well settled by the authorities

in this and other states, that a sale of a stock of goods 2. to be sold at retail, authorizes the vendee to sell it in the regular course of trade, at retail and the purchaser will take title thereto. *Thomas* v. *Winters* (1859), 12 Ind. 322; *Shireman* v. *Jackson* (1860), 14 Ind. 459; *Hodson* v. *Warner* (1877), 60 Ind. 214; *Dunbar* v. *Rawles* (1866), 28 Ind. 225, 92 Am. Dec. 311; *Domestic Sewing Mach. Co.* v. *Arthurhultz* (1878), 63 Ind. 322; *Bradshaw* v. *Warner* (1876), 54 Ind. 58; *Payne* v. *June* (1883), 92 Ind. 252; *Lanman* v. *McGregor* (1884), 94 Ind. 301; *Sears* v. *Shrout* (1900), 24 Ind. App. 313, 56 N. E. 728. Some of the decisions of the courts in this State have seemingly gone so far as to hold that a transaction of this kind should be considered as an absolute sale, and that the contract should be treated as a chattel mortgage; holding that the right given the vendee to sell at retail is inconsistent with the retention of title in the vendor. In none of the cases so holding, has the exact question, presented in this case, been determined, none of them involving a sale other than at retail, and in due course of trade.

In the case of *Winchester, etc., Co.* v. *Carman* (1887), 109 Ind. 31, 58 Am. Rep. 382, the facts shown, were that the vendee had sold the wagons in question in due course of trade and at retail. In the case of *Steele* v. *Aspy* (1891), 128 Ind. 367, 27 N. E. 739, the vendor's administrator undertook to have a receiver appointed to take charge of a stock of goods sold to Steele by one Nelson, deceased. That case is not in point here for the reason that there was no condition in said contract that the ownership of the goods should be retained by the vendor until payment should be made therefore. The only condition being that the goods should not be removed from the town of Geneva where located; a thing he was not attempting to do. It is well settled by the authorities in this and other states that goods sold, where title is retained in the vendor, with the privilege to the vendee to sell the same at retail, does not authorize

the sale of such a stock of goods in bulk. *McGirr* v. *Sell*
(1877), 60 Ind. 249; *Hench* v. *Eacock* (1899), 21 Ind. App.
444, 52 N. E. 805; *Lett* v. *Eastern, etc., Plow Co.* (1910),
46 Ind. App. 56, 63, 91 N. E. 978; *Pratt* v. *Burhans* (1891),
84 Mich. 487, 47 N. W. 1064, 22 Am. St. 703; *Rogers* v.
*Whitehouse* (1880), 71 Me. 222; *Burbank* v. *Crooker*
(1856), 7 Gray (Mass.) 158, 66 Am. Dec. 470; *Perkins* v.
*Mettler* (1899), 126 Cal. 100, 58 Pac. 384; *Triplett* v. *Man-
sur-Tebbetts Imp. Co.* (1900), 68 Ark. 230, 57 S. W. 261,
82 Am. St. 284; *Marvin Safe Co.* v. *Norton* (1886), 48 N. J.
L. 410, 412, 7 Atl. 418, 57 Am. Rep. 566; *Bunday* v. *Colum-
bus Mach. Co.* (1906), 143 Mich. 10, 106 N. W. 397, 5 L. R.
A. (N. S.) 475.

In the case of *Hench* v. *Eacock, supra,* the same question
was involved as is presented in this cause, and it was held
that while the contract would permit a sale of the goods in
question, at retail, it did not warrant a sale in bulk, and
that the original vendor might retake the goods from a
mortgagee of the vendee. In the case of *McGirr* v. *Sell,
supra,* that being an action in replevin to recover two bar-
rels of whiskey, sold by appellee to one McCoy, on a con-
tract, conditioned that the title should not pass until pay-
ment should be made in full, and which goods were levied
on and offered for sale to satisfy an execution in the hands
of a constable, which execution was issued upon a judg-
ment in favor of other creditors than appellee. Worden, J.,
in that case on page 257, uses this language: "If the plain-
tiff had authorized McCoy to sell the whisky at wholesale,
that would have ended the question; * * * but his
authority to McCoy to retail in his own name did not neces-
sarily carry the inference that the title to the liquors was
in the latter. This was the purpose for which the liquors
were placed in his possession, and was consistent with the
plaintiff's ownership of the property."

In the case of *Burbank* v. *Crooker, supra,* involving a
sale of a stock of goods, in bulk, in a country store, bought

conditionally that the title should not pass until paid for, the court speaking by Dewey, J., held that the purchaser took no better title than that held by the original vendee, but says that had sale been made of individual articles in the ordinary course of business, a different rule would prevail, and that the plaintiff might have been estopped to assert any right adverse to such purchaser. In the case of *Rogers* v. *Whitehouse, supra,* Whitehouse being assignee for the benefit of creditors, that court held "that a conditional sale of goods to a retail merchant is binding upon him and his assignees, but not upon vendees in the regular course of business, and that one to whom he sells the whole stock, took no title. Neither would his assignees in bankruptcy.

It is insisted that, as the contract of sale, provides for the payment of rent, that this is conclusive as to the nature of the transaction and is conclusive that the instrument is a chattel mortgage. This is a question we are not called upon to decide, as the failure to pay rent is not alleged as one of the breaches of the contract. Neither does the contract make any provision as to return of the property on failure to pay rent. The case of *West* v. *Fuelling* (1905), 36 Ind. App. 617, 76 N. E. 325, seems to hold that the right to retail carries with it in all cases, title to the property transferred, and that a contract retaining title in the seller is void as against creditors and trustee in bankruptcy, citing the bankruptcy act as follows: "That the trustee of a bankrupt shall take title to all property which, prior to the filing of the petition he could, by any means, have transferred, or which might have been levied upon and sold under judicial process against him." The stock of goods could not have been transferred in bulk, neither could it be levied upon by execution and sold to satisfy creditors other than the original vendor, and in so far as that case holds that the same may be taken by the trustees in bankruptcy, the same is overruled.

It appears from the averments of the complaint that at

least $200 worth of the goods, originally purchased under the conditional contract are still on hand. As to this property received from the original vendor, appellant herein, is clearly entitled to recover, and the complaint stated a good cause of action as to that part of the property. As to the after-acquired property we express no opinion. The court erred in sustaining a demurrer to the complaint.

Judgment reversed.

Morris, J., did not participate.

NOTE.—Reported in 101 N. E. 81. See, also, under (1) 31 Cyc. 333; (2) 35 Cyc. 670; (3) 35 Cyc. 677. As to when, under contracts of sale of personal property, the title passes to the buyer, see 138 Am. St. 903. As to how, under a sale of personal property for cash, or cash on delivery, title stands when the seller parts with the possession without actually receiving the price, see 120 Am. St. 868. As to a sale conditioned for retention of title by seller until payment, see 58 Am. Rep. 386. As to the right of a vendor under conditional sale as affected by bankruptcy of purchaser, see 38 L. R. A. (N. S.) 554.